**GUARDIAN BANK et al., Appellants,**

v.

**SAN JACINTO SAVINGS ASSOCIATION, Appellee.**

**No. 17589.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

Jan. 24, 1980.

Rehearing Denied Feb. 21, 1980.

John M. Robinson, Houston, for appellants.

Nester & Horan, Charles Nester, Houston, for appellee.

WARREN, Justice.

This is an appeal from a summary judgment granting appellee recovery on a cashier's check issued by appellant and awarding appellee attorney's fees.

Appellant claims the trial court erred in granting the summary judgment because (1) the appellee failed to prove that the endorsements on the cashier's check were genuine, (2) the summary judgment proof raised a fact issue of fraud pertaining to the endorsement on the check and, (3) the granting of attorney's fees was improper in law and under the facts presented.

On September 7, 1977, a check drawn on the account of Century 21 Regional Properties, Inc. (Century 21) was given to appellant in exchange for a cashier's check made payable to Century 21 Regional Properties, Inc. and Brenda Corbett. The check was endorsed "Century 21 Regional Properties, Inc." with a printed stamp and with the handwritten signature of Brenda Corbett. Brenda Corbett then deposited the check to her account with appellee and, on the day after, withdrew the sum deposited.

Guardian Bank refused to honor the check because Dick James of Century 21 had requested that payment be stopped, claiming that the check used to purchase the cashier's check was a forgery.

Appellee filed suit alleging, among other things, proper endorsement. Appellant in its unsworn answer alleged that a forged instrument was used to purchase the cashier's check and that the purported endorsement of Century 21 was not authorized.

In the absence of a sworn denial, the genuineness of an endorsement is presumed. Rule 93(i), Tex.R.Civ.Proc. However, our case does not turn entirely on this presumption but also rests on the summary judgment proof presented to the trial court.

Appellee's Motion for Summary Judgment alleged that it was entitled to judgment as a matter of law because it was the owner and holder of the check which had been endorsed to appellee, and for which appellee had paid value. In support of its motion appellee submitted the affidavits of its president, Melvin Reist, of its employee, Carol Stockton, and of its attorneys, James O. Kelly and Charles Nester. Melvin Reist stated that appellee accepted the endorsed check, placed it in regular banking channels and it was returned unpaid with the notation "Payment Stopped." He further stated that the check was placed in the hands of attorneys for collection and that appellee had agreed to pay the attorneys the sum of $500.00 for collecting the amount due. Carol Stockton stated that on September 7, 1977, Brenda Corbett delivered to her at appellee's Mangum Branch a cashier's check which she accepted in exchange for a previous insufficient check for $2000.00, for which Brenda Corbett had previously received credit and withdrawn the funds. She further stated that before accepting the cashier's check, she noted that it had been duly endorsed by the payees. The affidavit of the attorneys states that each had been practicing law for 18 years; that more than 30 days expired after presentation of the check before suit was filed; that the sum of $75.00 per hour would be reasonable as attorney's fees for handling the suit; and, as of the date of making of the affidavit, more than eight hours had been spent on the matter; and that based on their knowledge and experience in handling this type of suit and on the time expended, $500.00 was a reasonable fee.

In opposition to appellee's Motion for Summary Judgment, appellant submitted the affidavit of Ruby Seagraves, who stated that she was employed as cashier for appellant; that on September 7, 1977, appellant issued its check No. 58867 payable to Century 21 Regional Properties, Inc. and Brenda Corbett in the amount of $2,000.00; that on September 12, 1977, Dick James of Century 21, filed notice of stop payment of the $2,000.00 check which was used to purchase check No. 58867 (the cashier's check); that the Century 21 account had only one authorized signature thereon, being that of Dick James; that <u>Dick James did not endorse check No. 58867; Brenda Corbett is not authorized to endorse checks on behalf of Century 21</u>; that there is no registered stamped signature authorized on the account; <u>that there is no proper full endorsement on check 58867 issued by Guardian Bank, as to cause said check to be a negotiable instrument, that check 58867 was procured by fraud and no consideration was paid for the check; that no proper endorsement has been presented on the check to permit it to be cashed in the normal channels of banking; and that San Jacinto Savings Association has failed to obtain proper endorsement on the check.</u> (underlining ours). Each side submitted a copy of the cashier's check, the back of which contained apparent endorsements of Century 21 Regional Properties, Inc. and Brenda Corbett.

■ The portions of the affidavit submitted by appellant which are underlined are either irrelevant, hearsay or conclusions, and do not constitute competent summary judgment proof. *Schull v. Lower Neches Valley Authority*, 416 S.W.2d 505 (Tex.Civ. App.—Beaumont 1967, writ ref'd n. r. e.). The evidence as to the check which the trial court could properly consider, consisted of that evidence concerning the cashier's check being issued by appellant; it being received by appellee with apparent endorsements of the original payees; of appellee paying value; and of appellee placing it in regular banking channels for collection after which it was returned with the notation "payment stopped."

■ There is a presumption in law that the endorsements on a check are genuine. Sec. 3–307, Tex.Bus. & Comm.Code. In the absence of a sworn plea contesting the gen-

uineness of the endorsement, as required by Tex.R.Civ.P. 93(i), or of competent summary judgment evidence contesting its genuineness, the presumption that the endorsements are genuine stands.

A cashier's check has been defined as "a bill of exchange drawn by a bank upon itself and accepted in advance by the act of its issuance and not subject to countermand by either its purchaser or the issuing bank." *Wertz v. Richardson Heights Bank and Trust*, 495 S.W.2d 572 (Tex.1973).

 In the absence of the sworn denial or competent evidence contesting their validity, the endorsements are presumed to be genuine, and the only issue before the court pertaining to the main cause of action was whether appellant could stop payment on the cashier's check because the consideration for it had failed. The trial court apparently held that it could not, and this issue is not raised on appeal.

Appellant's first and second points of error are overruled.

Appellant's remaining point of error complains that the trial court erred in allowing attorney's fees because they are not authorized by law under Art. 2226, V.A.T.S., and, alternatively, that appellee did not prove the basis for the fee or the reasonableness thereof.

Article 2226, Tex.Rev.Civ.Stat.Ann. (Vernon's supp. 1978–1979) provides in part:

Any . . . corporation . . . or other legal entity having . . . suits founded on oral or written contracts may present the same to such persons or corporation or to any duly authorized agent thereof; and if, at the expiration of 30 days thereafter, payment for the just amount owing has not been tendered, the claimant may . . . also recover, in addition to his claim and costs, a reasonable amount as attorney's fees.

We hold that a cashier's check is a written contract with the maker impliedly agreeing to pay to any authorized holder the face value stated therein. Therefore, one entitled to recover under the terms of that contract would also be entitled to recover reasonable attorney's fees.

 Appellee's proof by sworn affidavits pertaining to attorney's fees shows that presentment was made more than 30 days before suit was filed; that the client agreed to pay a $500.00 fee; that $75.00 per hour was a reasonable fee; that more than eight hours had been spent on the case by the attorneys; and based on their experience and knowledge as lawyers of 18 years experience each, that the fee of $500 was reasonable. The affidavits, which were uncontested, satisfied the requirements of Art. 2226 and of sections c and e of Rule 166A, T.R.C.P.

Appellant's third point of error is overruled.

The judgment is affirmed.

EVANS and PEDEN, JJ., also sitting.