**COMMUNITY NATIONAL BANK, Appellant,**

**v.**

**CHANNELVIEW BANK and Floyd D. Woods, Appellees.**

**No. 01–90–01100–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

July 18, 1991.

Rehearing Overruled Sept. 5, 1991.

Mike E. Lowes, Eileen K. Wilson and Alicia K. Dowdy, Houston, for appellant.

Mark D. Wilson and William C. Boyd, Houston, for appellees.

Before SAM BASS, O'CONNOR and WILSON, JJ.

## OPINION

SAM BASS, Justice.

This is an appeal from a summary judgment in favor of the appellees, Channelview Bank and Floyd D. Woods (Woods). Appellant, Community National Bank (Community Bank), and Woods filed motions for summary judgment. The trial court granted summary judgment for Woods and denied Community Bank's motion. We affirm in part and reverse and remand in part.

The dispute arose between Community Bank and Woods over the proceeds of a cashier's check. In February of 1988, John P. Brink (Brink) deposited two checks totalling $68,000 in Partners Industries, Inc.'s (Partners) checking account with Community Bank. Partners is a Texas corporation wholly owned by Brink.

Brink wanted to purchase a cashier's check from Community Bank. Relying on the balance produced by the $68,000 deposit, Community Bank issued a cashier's check for $24,000. At Brink's request, Community Bank made the cashier's check payable to the order of L.B. Foster. The face of the cashier's check reflected that the purchaser of the check was Partners and the check was delivered to Brink. In his affidavit, Brink stated that the name L.B. Foster was a fictitious name that he used for his own convenience.

After purchasing the cashier's check, Brink received $24,000 in cash from Woods in exchange for the cashier's check. Although Brink does not state in his affidavit that *he* indorsed the check in the name of L.B. Foster, he stated that the check remained in his possession and subject to his sole control until he indorsed the cashier's check. Indorsements in both the names of L.B. Foster and John Brink appear on the back of the check.

In his affidavit, Woods stated that Brink came to him with the $24,000 cashier's check and requested that Woods cash the check. Woods refused to do so unless Brink personally indorsed the check, which Brink did. Woods deposited the cashier's check into his account at the Channelview Bank. Channelview Bank then sent the check to Community Bank for payment.

In its motion for summary judgment, Community Bank attached the affidavit of Nigel Harrison, Community Bank's chairman of the board. Harrison stated that Community Bank discovered the "forged" indorsement of L.B. Foster. Community Bank contacted a L.B. Foster *Company* which subsequently executed an affidavit stating that the indorsement on the cashier's check in the name of L.B. Foster was not authorized by L.B. Foster Company nor did L.B. Foster Company receive any benefit by reason of the payment of the cashier's check. In his affidavit, Harrison asserts that the payee on the check was L.B. Foster Company. However, the payee on the cashier's check is simply L.B. Foster, not L.B. Foster Company. Community Bank's investigation also revealed that the funds were never deposited into any L.B. Foster account.

In his affidavit, Harrison also asserted that this was evidence that the indorsement of L.B. Foster was a forgery. Community Bank made a demand on Channelview Bank for return of the $24,000 deposited into Woods' account. This demand came several months after Woods deposited the check into his account.

Channelview Bank withdrew the $24,000 from Woods' account, and then filed an interpleader and placed the funds into the court's registry. Community Bank, Partners, Brink and Woods were made defendants. Woods filed a counterclaim, cross-claims, and a third party petition against Channelview Bank, Community Bank, Partners, Brink, and the L.B. Foster Company. Community Bank also filed a counterclaim and cross-claim against Channelview Bank, Partners, Brink, and Woods.

Subsequently, the L.B. Foster Company filed a disclaimer to the funds and is not a party to this appeal. Woods' cross-claim against Partners was dismissed. In addition, all claims against Channelview were settled.

Both Community Bank and Woods filed motions for summary judgment. Without stating its reasons, the trial court found that the $24,000 in the court's registry should be paid to Woods. However, the trial court found that Woods was not entitled to attorney's fees. Woods received a default judgment against Brink.

■ A summary judgment is proper only when a movant establishes that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. *See Swilley v. Hughes*, 488 S.W.2d 64, 67 (Tex.1972). Where both parties file a motion for summary judgment, and one is granted and one is denied, the denial may be considered by the reviewing court if the appealing party complains of both the granting of the opponent's motion and the denial of his own motion. *Jones v. Strauss*, 745 S.W.2d 898, 900 (Tex.1988). This is the situation presented here.

The parties do not dispute the facts surrounding this case. Community Bank argues that it is entitled to the cashier's check since the indorsement in the name of L.B. Foster is a forgery and therefore is ineffective to pass title to Woods.

■ An unauthorized signature is wholly inoperative as that of the person whose name is signed. Tex.Bus. & Com. Code Ann. § 3.404 (Tex.UCC) (Vernon 1968). When the effectiveness of a signature is in issue, "the burden of establishing it is on the party claiming under the signature; but the signature is presumed to be ... authorized...." Tex.Bus. & Com.Code Ann. § 3.307 (Tex.UCC) (Vernon 1968). An unauthorized indorsement is one made without actual, implied, or apparent authority. Tex.Bus. & Com.Code Ann. § 1.201 (Tex.UCC) (Vernon 1968).

■ Community Bank filed a verified denial that the indorsement was not genuine. In addition, Community Bank submitted summary judgment proof that L.B. Foster *Company* did not authorize the L.B. Foster

indorsement on the cashier's check. However, Woods presented proof that Brink had the cashier's check issued to L.B. Foster. The check never left Brink's possession until he indorsed it over to Woods.

The indorsement in the name of L.B. Foster was authorized by Brink. Brink used the name L.B. Foster for his own personal convenience. *Cf.* TEX.BUS. & COM. CODE ANN. § 3.401 comment 2 (Tex.UCC) (Vernon 1968) (in determining liability on an instrument, a signature may be made "in any name, including any ... assumed named, however false or fictitious, *which is adopted for that purpose*") (emphasis added). Since Brink was using the name L.B. Foster for his own purposes, he had the authority to indorse it in the name of L.B. Foster. Therefore, the indorsement in the name of L.B. Foster was effective to transfer title to the instrument to Woods.

■ A cashier's check circulates through commerce as the equivalent of cash. *Hotel Riviera, Inc. v. First Nat'l Bank and Trust,* 768 F.2d 1201, 1204 (10th Cir.1985). A cashier's check is a bill of exchange drawn by the bank upon itself and is accepted in advance by the act of its issuance and is not subject to countermand by either its purchaser or the issuing bank. *Wertz v. Richardson Heights Bank & Trust,* 495 S.W.2d 572, 574 (Tex.1977). The bank's issuance of the check is acceptance of the check and constitutes an agreement by the bank to honor the check as presented. *Id.*

■ The cashier's check was presented for payment. As previously stated, the indorsement of L.B. Foster was authorized and there is no showing that the other indorsements are not valid. Community Bank is liable to Woods for the $24,000.00.

The summary judgment in favor of Woods is affirmed.

In its summary judgment the trial court stated that Woods is not entitled to a recovery of reasonable attorney's fees. Woods filed a cross-claim against Community Bank asserting, among other things, that Community Bank breached its contract with Woods.

■ A person may recover reasonable attorney's fees if the claim is based on a written contract. TEX.CIV.PRAC. & REM. CODE ANN. § 38.001(8) (Vernon 1986). A cashier's check is a written contract with the maker impliedly agreeing to pay the face value to any authorized holder. *Guardian Bank v. San Jacinto Sav.,* 593 S.W.2d 860, 863 (Tex.Civ.App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.). Therefore, Woods is entitled to recover attorney's fees because he is entitled to recover under the terms of the contract. *Id.*

There is no summary judgment proof pertaining to the issue of attorney's fees. The case is remanded for a determination of the amount of attorney's fees that Woods is entitled to recover.

The summary judgment in favor of Woods is affirmed. That portion of the judgment denying Woods reasonable attorney's fees is reversed and that issue is remanded to the trial court.