Affirmed
and Opinion filed September 10, 2009.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-01084-CV

____________

 

MARVIN W. LERNER, M.D., Appellant

 

V.

 

FIRST COMMERCE BANK, Appellee

 



 

On Appeal from the County
Court at Law No. 3 & Probate Court

Brazoria County, Texas

Trial Court Cause No. CI036985

 



 

O P I N I O N

Appellant Marvin W. Lerner, M.D., brought
suit against appellee First Commerce Bank (Athe Bank@) after the Bank
refused to honor a cashier=s check.  In his sole issue, Lerner
contends that the trial court erred in granting summary judgment in the Bank=s favor based on
the Bank=s affirmative
defense of limitations.  We affirm.








On January 10, 1973, Brazosport Bank of
Commerce, the Bank=s predecessor, issued a cashier=s check to Lerner
in the amount of $19,944.46.  According to an affidavit filed by Lerner, Lerner
presented the cashier=s check for payment by depositing it in
his account with First National Bank of Bellaire on October 15, 1980, but
Brazosport refused to pay the check and noted that it was Anot outstanding on
[Brazosport=s] records.@  Lerner was aware
of this refusal by October 20, 1980.  According to Lerner=s deposition, he
then contacted Brazosport=s president at that time, George Aubin,
who told him that there must have been an error and to send the cashier=s check Aback through.@  Instead, Lerner
put the cashier=s check in his desk drawer and Adidn=t pay much
attention to it.@  Lerner did not seek payment on the
cashier=s check again
until December 2005.  The Bank again refused to honor the check.  In October
2006, Lerner brought suit against the Bank for breach of contract and the Bank
moved for summary judgment, claiming that Lerner=s claim was
time-barred as of 1984 under either the statute of limitations applying to
actions for debt or the general statute of limitations in effect when
Brazosport refused to honor the check in 1980.  The trial court granted summary
judgment in the Bank=s favor on November 19, 2007, finding that
Lerner=s claim was barred
by an unspecified four-year statute of limitations that expired on October 19,
1984.

The standard for reviewing a summary
judgment under Texas Rule of Civil Procedure 166a(c) is well established.  The
movant must show there is no genuine issue of material fact and that judgment
should be granted as a matter of law.  KPMG Peat Marwick v. Harrison County
Hous. Fin. Corp., 988 S.W.2d 746, 748 (Tex. 1999).  In conducting our
review, we take as true all evidence favorable to the non-movant, and we make
all reasonable inferences in the non-movant=s favor.  Id.

To be entitled to summary judgment based
on its limitations defense, the movant must conclusively establish the date the
cause of action accrued, negate the applicability of the discovery rule, and
prove as a matter of law that the non-movant=s claim is
time-barred.  See id.; Burns v. Thomas, 786 S.W.2d 266, 267 (Tex.
1990).  If the movant establishes that the action is barred by limitations, the
non-movant must then put on proof that raises a fact issue on limitations to
avoid summary judgment.  KPMG Peat Marwick, 988 S.W.2d at 748.








On appeal, Lerner does not deny that his
claim accrued when Brazosport refused to honor the cashier=s check in 1980.[1] 
Rather, Lerner contends that the trial court erred in granting summary judgment
in the Bank=s favor because (1) a cashier=s check is not
subject to countermand by the issuing bank, (2) no statute of limitations
applied to actions based on the refusal to honor a cashier=s check prior to
January 1, 1996 when a three year statute of limitations specifically applying
to dishonored cashier=s checks went into effect under Texas
Business and Commerce Code section 4.111, (3) section 4.111 does not affect
rights accruing before its effective date, and (4) because the only time Lerner
presented the cashier=s check for payment after section 4.111=s effective date
was in December 2005, his lawsuit for breach of contract was not time-barred.

Lerner correctly points out that a cashier=s check is not
subject to countermand by the issuing bank.  See Wertz v. Richardson Heights
Bank & Trust, 495 S.W.2d 572, 574 (Tex. 1973).  However, that rule is
irrelevant to whether a subsequent suit for breach of contract, based on the
Bank=s refusal to honor
the check, is barred by the statute of limitations.  See generally Guardian
Bank v. San Jacinto Sav. Ass=n, 593 S.W.2d 860,
863 (Tex. App.CHouston [1st Dist.] 1980, writ ref=d n.r.e.)
(recognizing that a cashier=s check is a written contract upon which
an action for breach may be brought).








Regarding appellant=s argument that no
statute of limitations applied to his cause of action until he demanded payment
in 2005, the Bank asserts, as it did below, that a four-year statute of
limitations under either article 5527 or article 5529 of the former Texas Civil
Statutes applied to Lerner=s claim and began to run when it accrued
in 1980.  See Act effective Aug. 27, 1979, 66th Leg., R.S., ch. 716, ' 2, 1979 Tex. Gen.
Laws 1768, 1769, repealed by Act effective Sept. 1, 1985, 69th Leg.,
R.S., ch. 959, ' 9(1), 1985 Tex. Gen. Laws 3242, 3322
(article 5527); Tex. Rev. Civ. Stat.
Ann. art. 5529 (Vernon 1958) (article 5529).[2] 
At that time, article 5527 applied a four-year statute of limitations to Aactions for debt.@  See Act
effective Aug. 27, 1979, 66th Leg., R.S., ch. 716, ' 2, 1979 Tex. Gen.
Laws 1768, 1769 (repealed 1985).  The phrase Aactions for debt@ has been
construed to include actions for breach of a written contract.  Brooks
Fashion Stores Inc. v. Northpark Nat=l Bank, 689 S.W.2d 937,
941B42 (Tex. App.CDallas 1985, no
writ).  Given that cashier=s checks are written contracts, Lerner=s claim was
time-barred as of October 1984 by the four-year statute of limitations under
article 5527.  See Guardian Bank, 593 S.W.2d at 863  (holding that a
cashier=s check is a
written contract).[3] 
Because the Bank established its right to summary judgment as a matter of law
based on its affirmative statute of limitations defense, the trial court
properly granted summary judgment.  Accordingly, Lerner=s sole issue is
overruled.

Having overruled Lerner=s sole issue, we
affirm the trial court=s judgment.

 

 

/s/      Leslie
B. Yates

Justice

 

Panel consists of Chief Justice Hedges and Justices Yates and Frost.









[1]  As the Bank pointed out below, when Brazosport
refused to honor the check on October 15, 1980, we had already held that a
cashier=s check is a written contract wherein the maker
impliedly agrees to pay the check=s
face value to the holder.  Guardian Bank v. San Jacinto Sav. Ass=n, 593
S.W.2d 860, 863 (Tex. App.CHouston [1st
Dist.] 1980, writ ref=d n.r.e.).  A cause of action for breach of contract
accrues at the moment of the breach.  Barker v. Eckman, 213 S.W.3d 306,
311 (Tex. 2006).  In this case, breach occurred at the moment Brazosport
refused to honor the check.  The Bank negated the discovery rule=s applicability and established the accrual date of
Lerner=s claim below by presenting summary judgment evidence
that Lerner knew of Brazosport=s refusal to
honor the check (and therefore the accrual of his claim) on or before October
20, 1980.  Though Lerner asserted in response that his first demand for payment
came in 2005, he failed to support that statement with summary judgment proof,
and he has apparently abandoned that position on appeal.





[2]  Article 5529 was repealed by Act effective Sept. 1,
1985, 69th Leg., R.S., ch. 959, '
9(1), 1985 Tex. Gen. Laws 3242, 3322.  It was replaced by ' 16.051 of the Texas Civil Practice and Remedies Code,
which was repealed by Acts 1995, 74th Leg., ch. 260, ' 58(1), eff. May 30, 1995.





[3]  Moreover, even assuming that article 5527 did not apply to Lerner=s claim, there was a residual or
general four-year statute of limitations under article 5529 that applied to A[e]very action other than for the
recovery of real estate, for which no limitation is otherwise prescribed.@  Tex. Rev. Civ. Stat. Ann. art.
5529 (repealed 1985).  Thus, if no other statute of limitations applied, Lerner=s claim would still have been
time-barred in October 1984.  Therefore, we disagree with Lerner=s argument that no statute of
limitations applied to his claim when it first accrued in 1980.