Reggie **BARHAM,** D/B/A Southwest Pipe & Supply, Appellant,

v.

**SUGAR CREEK NATIONAL BANK,** Appellee.

No. A2518.

Court of Civil Appeals of Texas, Houston (14th Dist.).

Jan. 28, 1981.

George R. Pain, Farris, Pain & Horne, Houston, for appellant.

Bradford E. Morris, Morris & Hlavinka, Stafford, for appellee.

Before J. CURTISS BROWN, C. J., and PAUL PRESSLER and JUNELL, JJ.

PAUL PRESSLER, Justice.

Appellant appeals a Summary Judgment granted the Plaintiff below. Appellee's original petition alleges that on August 10, 1979, Nugent Equipment Company of Lafayette, Louisiana executed a check payable to Reggie Barham, d/b/a Southwest Pipe & Supply for $6,250.25. On August 27, Barham, endorsed this check by placing his account number on its reverse side and deposited it in his account with Appellee. Im-

mediately upon deposit, Barham withdrew the full amount of the deposit. The check was later returned to Appellee marked "Payment Stopped." Appellee gave notice of its dishonor to Barham immediately. Appellee alleged that after proper offsets the remaining balance due on the dishonored check was $2,359.52. Appellee sued for such amount and for attorney's fees.

Appellee filed a Motion for Summary Judgment with supporting affidavits attached. Barham filed an objection to the Motion for Summary Judgment contending that the supporting affidavit of Ron Smulcer was insufficient in that it failed to show that it was based upon the affiant's personal knowledge. A hearing was held on March 4, and on May 9, Summary Judgment was entered in favor of the Appellee for $2,359.52 together with $500.00 attorney's fees.

Appellant reurges its contention that the supporting affidavit of Ron Smulcer had no affirmative showing of personal knowledge. Appellant also complains that the court below erred in awarding attorney's fees to Appellee as there was no agreement between the parties concerning payment of attorney's fees and no statutory authorization for such award.

Affidavits in support of a Motion for Summary Judgment must state that the statements made therein are made on personal knowledge, must set forth facts which would be admissible in evidence, and must show affirmatively that the affiant is competent to testify to the matters stated therein. *Youngstown Sheet & Tube Co. v. Penn*, 363 S.W.2d 230, 233 (Tex.1962); Tex. R.Civ.P. 166–A(e). The affidavit must not merely state that the affiant is competent to testify to the matters stated therein; but rather there must be something in the affidavits to show affirmatively how the affiant is competent to testify. *Murfee v. Oquin*, 423 S.W.2d 172, 174 (Tex.Civ.App.- Amarillo 1967, writ ref'd n. r. e.).

The supporting affidavit at issue reads in pertinent part as follows:

"My name is Ron Smulcer. I am Vice President and Cashier of Sugar Creek National Bank. I am over 21 years of age, of sound mind, and in all respects qualified to make this Affidavit, and I have personal knowledge of all facts stated in this Affidavit."

The affidavit then states the facts set forth in Appellee's Original Petition.

■ Appellant contends that the affidavit does not affirmatively show how the affiant could have gained his personal knowledge of the facts stated therein. Appellee, in response, contends that it was sufficient that the affiant was identified as Vice President and Cashier of the bank, since it may be reasonably assumed that as such the affiant would be peculiarly situated to have this personal knowledge. Appellant relied on the holding in *Greater Houston Bank v. Miller & Freeman Ford, Inc.*, 540 S.W.2d 390 (Tex.Civ.App.-Corpus Christi 1976, no writ) as supportive of his position. That case concerned claims against the proceeds of sale of an automobile purchased by Julieta P. Gomez. Each claimant filed a Motion for Summary Judgment. In the supporting affidavit filed by Miller & Freeman Ford the affiant was identified as "... President of Miller & Freeman Ford, Inc. and, therefore, a duly authorized agent of Defendant in the above styled cause of action." *Id.* p. 391. The affidavit stated certain facts including the statement that one Manuel Gomez, husband of Julieta P. Gomez, authorized work on the vehicle. The summary judgment granted by the trial court in favor of Miller & Freeman Ford was reversed because the affiant would not have had personal knowledge of the marital status of Julieta Gomez through his position as president of his company. Therefore, how he was competent to make an affidavit concerning this fact should have been affirmatively shown. *Id.* p. 392. The Greater Houston Bank case is clearly distinguishable from the instant case. Ron Smulcer's position as Vice President and Cashier of the Bank peculiarly qualified him to have personal knowledge concerning each of the facts in the supporting affidavit.

■ Appellant also contends that the affidavit of Smulcer merely raises a fact issue because it is the affidavit of an interested party. In 1977, Tex.R.Civ.P. 166–A(c) was amended effective January 1, 1978 to provide "... A summary judgment may be based on uncontroverted testimonial evidence of an interested witness, ... if the evidence is clear, positive, and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted." The statements in the affidavit of Smulcer satisfy these requirements. They could have been readily controverted by Appellant but were not. Therefore, the mere fact that the affiant was an interested party will not defeat the summary judgment. *Lazidis v. Goidl*, 564 S.W.2d 453 (Tex.Civ.App.-Dallas 1978, no writ). Appellant's first point of error is overruled.

■ Appellant contends, in his second point of error, that the court below erred in awarding attorney's fees to the Appellee as there was no agreement between the parties regarding the payment of attorney's fees and no statutory authorization for the award thereof. We disagree.

Tex.Rev.Civ.Stat.Ann. art. 2226 (Vernon Supp.1980) provides in part:

"Any ... corporation ... or other legal entity having ... suits founded on oral or written contracts may present the same to such persons or corporation or to any duly authorized agent thereof; and if, at the expiration of 30 days thereafter, payment for the just amount owing has not been tendered, the claimant may ... also recover, in addition to his claim and costs, a reasonable amount as attorney's fees." The check endorsed and deposited by Barham constitutes a written contract wherein as a matter of law he agreed that "... upon dishonor and any necessary notice of dishonor ..." he would "... pay the instrument according to its tenor at the time of his indorsement to the holder or to any subsequent indorser who takes it up ...." Tex.Bus. & Com.Code Ann. § 3.414(a) (Vernon 1968). According to the uncontrovert-

ed affidavit of counsel for Appellee, written notice of the claim was delivered to Appellant more than 30 days prior to the institution of this suit. One entitled to recover in such a situation is also authorized by Art. 2226 to recover reasonable attorney's fees. *Guardian Bank v. San Jacinto Savings Association*, 593 S.W.2d 860, 863 (Tex.Civ. App.-Houston [1st Dist.] 1980, no writ). Appellant's second point of error is overruled and the judgment of the court below is in all things affirmed.