**TIME OUT GROCERY, Appellant,**

v.

**THE VANGUARD GROUP, INC., Appellee.**

No. 05–04–00182–CV.

Court of Appeals of Texas, Dallas.

Jan. 6, 2005.

Gavin Neal Lewis, Aledo, TX, for Appellant.

Robert Lee Eden, Matthews, Stein, Shiels, et al, Dallas, TX, for Appellee.

Before Justices MORRIS, MOSELEY, and FITZGERALD.

**OPINION**

MOSELEY, Justice.

This appeal involves a claim for attorney's fees based on the wrongful dishonor

of a check by the check's drawer. In three issues, Time Out Grocery claims the trial court erred in denying its motion for summary judgment and granting The Vanguard Group, Inc.'s motion for partial summary judgment on Time Out Grocery's request for attorney's fees. For the reasons below, we conclude that Time Out Grocery is not entitled to attorney's fees under section 38.001 of the Texas Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem.Code Ann. § 38.001(8) (Vernon 1997). Therefore, we resolve Time Out Grocery's issues against it and affirm the trial court's judgment on the attorney's fees issue.

## FACTUAL AND PROCEDURAL BACKGROUND

Vanguard issued a check to Michael Hopper, who endorsed and cashed the check at Time Out Grocery. Vanguard issued a stop-payment order, pursuant to which Vanguard's bank refused payment. After Time Out Grocery unsuccessfully demanded payment from Vanguard, it sued Vanguard for: (1) the amount owed on the check, $180, pursuant to Article 3 of the business and commerce code (the UCC); (2) returned check fees of $25 pursuant to section 9022 of the civil statutes; and (3) attorney's fees pursuant to section 38.001 of the civil practice and remedies code.[1] The trial court granted Time Out Grocery's motion for summary judgment as to its first two claims, but denied the motion as to the claim for attorney's fees. The trial court granted Vanguard's partial motion for summary judgment on the attorney's fees issue. Time Out Grocery appealed.

---

1. The record shows that suit was originally filed in the justice court. The briefs state that the justice court granted summary judgment in Time Out Grocery's favor for the amount of the check, the processing fee, court costs, and

## STANDARD OF REVIEW AND APPLICABLE LAW

Rule of civil procedure 166a provides a means of summarily terminating a case when a question of law is involved and "no genuine issue of material fact" exists. Tex.R. Civ. P. 166a(c); *Gulbenkian v. Penn,* 151 Tex. 412, 416, 252 S.W.2d 929, 931 (1952). A plaintiff who conclusively proves all elements of its cause of action as a matter of law is entitled to summary judgment. *MMP, Ltd. v. Jones,* 710 S.W.2d 59, 60 (Tex.1986) (per curiam). A defendant who conclusively negates at least one essential element of each theory pleaded by the plaintiff is entitled to summary judgment. *Wornick Co. v. Casas,* 856 S.W.2d 732, 733 (Tex.1993). The defendant is required to meet the plaintiff's case as pleaded and to demonstrate that the plaintiff cannot prevail. *Cook v. Brundidge, Fountain, Elliott & Churchill,* 533 S.W.2d 751, 759 (Tex.1976). When both parties move for summary judgment and one is granted and one is denied, we determine all questions presented and render the judgment the trial court should have rendered. *Comm'rs Court of Titus County v. Agan,* 940 S.W.2d 77, 81 (Tex.1997).

As a general rule, attorney's fees are not recoverable in Texas unless allowed by contract or by statute. *See Dallas Cent. Appraisal Dist. v. Seven Inv. Co.,* 835 S.W.2d 75, 77 (Tex.1992). Whether attorney's fees are available under a particular statute is a question of law, which we review *de novo. See Holland v. Wal-Mart Stores, Inc.,* 1 S.W.3d 91, 94 (Tex. 1999) (per curiam). Section 38.001 of the civil practice and remedies code provides that a party may recover reasonable attor-

attorney's fees, and that Vanguard appealed *de novo* to the County Court at Law No. 3. The record does not contain any documents from the justice court, except Time Out Grocery's original petition.

ney's fees if the claim is for an oral or written contract. TEX. CIV. PRAC. & REM. CODE ANN. § 38.001(8). To recover attorney's fees under section 38.001, a party must (1) prevail on a cause of action for which attorney's fees are recoverable, and (2) recover damages. *Green Int'l, Inc. v. Solis,* 951 S.W.2d 384, 390 (Tex.1997). A party who does not recover for breach of contract cannot recover attorney's fees under that theory. *Brosseau v. Ranzau,* 81 S.W.3d 381, 397 (Tex.App.-Beaumont 2002, pet. denied).

## DISCUSSION

Vanguard moved for summary judgment on Time Out Grocery's claim for attorney's fees pursuant to section 38.001(8) contending that there was no contract or privity of contract between Vanguard, as the drawer of the check, and Time Out Grocery, which accepted the check endorsed by Hopper. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 38.001(8). Vanguard argued that absent an express contract, Texas did not permit an award of attorney's fees in banking cases. *See E. Girard Sav. Ass'n v. Citizens Nat'l Bank & Trust Co.,* 593 F.2d 598, 604 (5th Cir.1979) (attorney's fees not allowed in suit to recover for dishonored letter of credit in absence of statutory or contract provision); *Cont'l State Bank v. Miles Gen. Contractors, Inc.,* 661 S.W.2d 770, 775 (Tex.App.-Fort Worth 1983, no writ) (pursuant to contract for repairs between contractor and bank, bank issued checks to contractor that were cashed with contractor's employee's unauthorized endorsement; held contractor not entitled to attorney's fees pursuant to predecessor of 38.001(8) because suit arose from bank's cashing check payable to contractor on unauthorized endorsement, not on contract for repairs).

■ In its second issue, Time Out Grocery argues that Vanguard's obligation was "contractual in nature." Time Out Grocery relies on the definition of "contract" as "a promise, or a set of promises for the breach of which the law gives a remedy, or the performance of which the law in some way recognizes as a duty." *See* RESTATEMENT (SECOND) OF CONTRACTS § 1 (1981). Time Out Grocery reasons that definition, liberally construed, includes a dishonored check because UCC section 3.104 defines a "check" as "an unconditional promise or order [by its drawer] to pay a fixed amount of money" and section 3.414(b) establishes Vanguard's obligation as the drawer to pay a check upon dishonor. *See* TEX. BUS. & COM.CODE ANN. §§ 3.104(a), (c), (f); 3.414(b) (Vernon 2002) ("If an unaccepted draft is dishonored, the drawer is obliged to pay the draft (i) according to its terms at the time it was issued.... The obligation is owed to a person entitled to enforce the draft....") . Therefore, according to Time Out Grocery, Vanguard's UCC obligation is a contract within the scope of section 38.001(8).

Time Out Grocery relies on *Ellis v. Waldrop,* 656 S.W.2d 902, 905 (Tex.1983), to support its argument that "an essential element of attorney fees [under the predecessor of section 38.001(8) ] is the existence of a duty or obligation which the opposing party failed to meet." Even though *Ellis* makes this statement, it is in the context of a claimed *contractual* right of first refusal between the parties in the litigation. *Ellis* states that "a plaintiff must plead and prove that presentment of a contract claim was made to the opposing party and that the party failed to tender performance" in order to recover attorney's fees in a suit "founded on" a written contract. *Id. Ellis* does not support Time Out Grocery's argument that check drawer's obligation under section 3.414(b) is a contract between the

drawer and the endorsee within the scope of section 38.001(8).

Likewise, the other cases cited by Time Out Grocery do not support its position. *See Panizo v. YMCA of the Greater Houston Area*, 938 S.W.2d 163, 168 (Tex.App.-Houston [1st Dist.] 1996, no writ) (deciding whether certain actions constituted presentment of contract claim, satisfying requirements of section 38.002); *Sikes v. Zuloaga*, 830 S.W.2d 752, 754 (Tex.App.-Austin 1992, no writ) (deciding whether unmet condition precedent precluded award of attorney's fees); *Traco, Inc. v. Arrow Glass Co.*, 814 S.W.2d 186, 193–94 (Tex.App.-San Antonio 1991, writ denied) (allowing recovery of attorney's fees on promissory estoppel claim on grounds it is based on "implied contractual promise"). Vanguard's obligation to Time Out Grocery arises from a statutory, not a contractual, obligation. Moreover, the promise and obligation embodied by sections 3.104 and 3.414(b) lack the element of mutual promises between Vanguard and Time Out Grocery necessary to create a contract between them. *See Cont'l State Bank*, 661 S.W.2d at 770; *Hutchings v. Slemons*, 141 Tex. 448, 452, 174 S.W.2d 487, 489 (1943) (noting that "bilateral contract is one in which there are mutual promises between two parties to the contract, each party being both a promisor and a promisee").

Time Out Grocery relies on two authorities to support its argument that an obligation to pay a negotiable instrument upon dishonor is a "written contract" for purposes of section 38.001(8). First, it relies on *Barham v. Sugar Creek National Bank*, 612 S.W.2d 78 (Tex.Civ.App.-Houston [14th Dist.] 1981, no writ). In that case, Nugent was the drawer of the check. Nugent issued the check to Barham, who endorsed it and deposited it into his account at Sugar Creek National Bank.

When the check was dishonored, the bank sued Barham, the endorsee. *Id.* at 79. As stated by the court, "The check endorsed and deposited by Barham constitutes a written contract wherein as a matter of law he agreed that 'upon dishonor and any necessary notice of dishonor' he would 'pay the instrument according to its tenor at the time of his indorsement to the holder or to any subsequent indorser who takes it up....'" *Id.* at 80 (quoting then-current Tex. Bus. & Com.Code Ann. § 3.414(a)). *Barham* is distinguishable because here Time Out Grocery is suing the check's drawer (Vanguard), not its endorsee (Hopper).

Second, Time Out Grocery relies on *Guardian Bank v. San Jacinto Savings Association*, 593 S.W.2d 860 (Tex.Civ. App.-Houston [1st Dist.] 1980, writ ref'd n.r.e.). That case involved a cashier's check, which that court held "is a written contract with the maker impliedly agreeing to pay to any authorized holder the face value stated therein." *Id.* at 863. *Guardian Bank* is distinguishable because the facts here do not involve a cashier's check.

Time Out Grocery relies on *Pulaski Bank & Trust Co. v. Tex. American Bank/ Fort Worth N.A.*, 759 S.W.2d 723 (Tex. App.-Dallas 1988, writ denied), to support its argument that because it is recovering on an instrument, it is entitled to attorney's fees. However, this Court in *Pulaski Bank & Trust Co.* distinguished between a suit for late return of an item under UCC section 4.302, which was a tort claim, and a contract claim. *Id.* at 737. This case does not support Time Out Grocery's argument that Vanguard's payment obligation as drawer of the dishonored instrument pursuant to section 3.414(b) is a contract claim within the scope of section 38.001(8).

Having rejected Time Out Grocery's arguments that the UCC obligation is "contractual in nature" entitling Time Out Grocery to recover attorney's fees pursuant to section 38.001(8), we resolve Time Out Grocery's second issue against it.

In its first issue, Time Out Grocery argues that application of section 38.001(8) is not precluded solely because this case is governed by the UCC when no provision of the UCC conflicts with or displaces section 38.001(8). *See* Tex. Bus. & Com. Code Ann. § 1.103(b) (Vernon Supp.2004–05) ("Unless *displaced* by the particular provision of this title, the principles of law and equity, . . . shall *supplement* its provisions.") (emphases added). Section 38.001(8) is not "displaced" by any UCC section supporting this claim for attorney's fees, and there is no conflict when section 38.001(8) does not apply at all because, as here, no breach of contract theory was pleaded. Moreover, Time Out Grocery's reliance on *Compass Bank v. Ameristar Jet Charter, Inc.*, No. 05–00–01803–CV, 2001 WL 1486199 (Tex.App.-Dallas Nov.26, 2001, no pet.) (not designated for publication), to support its "displacement" argument is misplaced because that party prevailed on a contract theory arising from cashier's checks, unlike Time Out Grocery.

Also in its first issue, Time Out Grocery relies on language from section 3.506(d) to argue that the award of the processing fee entitles it to seek attorney's fees: "This section does not affect any right or remedy to which the holder of a check may be entitled under any rule, written contract, judicial decision, or other statute." Tex. Bus. & Com.Code Ann. § 3.506(d) (Vernon Supp.2004–05). However, this section is inapplicable because Time Out Grocery did not seek attorney's fees pursuant to this section. We resolve Time Out Grocery's first issue against it.

In its third issue, Time Out Grocery argues that it met the procedural requirements of section 38.002. However, because we have concluded that Time Out Grocery is not entitled to attorney's fees pursuant to section 38.001(8), we necessarily resolve its third issue against it.

## CONCLUSION

Having resolved Time Out Grocery's three issues against it, we affirm the trial court's order granting the Vanguard Group, Inc.'s motion for partial summary judgment and the order granting Time Out Grocery's motion for final summary judgment in part.