In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-05-039 CV


____________________



DENNIS JONES, individually and d/b/a PRO STAR WASTE


and PRO STAR WASTE, L.L.C., Appellants



V.



FIRST STATE BANK OF LIVINGSTON, Appellee






On Appeal from the 258th


Polk County, Texas


Trial Cause No. 20,039






MEMORANDUM OPINION


 Appellant Dennis Jones, individually and d/b/a Pro Star Waste, and Pro Star Waste,
L.L.C. (collectively "Jones") appeal a summary judgment granted in favor of appellee First
State Bank of Livingston (hereafter "FSB"). In a single issue, Jones contends the trial court
erred in granting summary judgment because he raised genuine issues of material fact. We 
reverse and remand to the trial court for further proceedings.

 Dennis Jones is the general manager of Pro Star Waste, L.L.C. (hereafter "Pro Star
Waste"). Patricia Hill, a former employee of Pro Star Waste, allegedly endorsed over eighty
checks made payable to her employer and deposited the majority of the checks into her
personal account with FSB. In Jones's original petition, he sued Hill for converting the
checks and FSB and First National Bank of Livingston for negligently "accepting the checks
for collection based upon forged documents[.]" FSB filed a no-evidence motion for partial
summary judgment, claiming the negligence suit should be dismissed because there was no
evidence that it "accepted any checks made payable to PRO STAR based upon forged
documents[.]" Six days after FSB filed its no-evidence motion for partial summary
judgment, Jones amended his petition to allege statutory and common law conversion causes
of action against the banks. (1) Jones maintained his negligence cause of action, in which he
alleged the banks allowed Hill to deposit checks made payable to Pro Star Waste into her
personal account without verifying Hill's authority to do so, and "failed to adopt and enforce
policies and procedures reasonably necessary to prevent the conversion of [Jones's]
property[.]" FSB did not amend its no-evidence motion for partial summary judgment to
address Jones's statutory and common law conversion claims. (2) 

 In Jones's response to the no-evidence motion for partial summary judgment, he
referenced his amended petition and argued it "only requires [that he] show FSB accepted
the checks over a forged endorsement." Dennis Jones produced his affidavit stating that Hill
did not have the authority to endorse the checks made payable to Pro Star Waste and
deposited into Hill's personal account with FSB. Jones submitted copies of Hill's FSB
account application form, personal account statements, deposit slips, and checks made
payable to Pro Star Waste, or some variation of the company's name, with Hill's
endorsement. Jones also provided an expert report which, based upon supporting facts,
concluded, "FSB did not operate in a commercially reasonable manner when it permitted Hill
to deposit checks made payable to Pro Star into her personal account. . . . If FSB had
operated in a prudent and commercially reasonable manner, . . . the Bank would have refused
to accept those . . . deposits made by Hill[.]" In addition, Jones presented the testimony of
Patti Johnson, the vice president of FSB. Johnson testified that after a bank representative
presented her with a check Hill attempted to deposit into her account through the night
depository, she "determined . . . it was a Pro Star check." Johnson investigated further and
discovered Hill had previously deposited several Pro Star Waste checks into her personal
account. Johnson testified this particular transaction was not a "normal procedure" and she
found it "strange." When Johnson later spoke with Jones, he confirmed that no Pro Star
Waste employees had authority to deposit company checks into their personal accounts. 

 The trial court granted FSB's no-evidence motion for partial summary judgment. 
Approximately one year later, the trial court severed Jones's case against FSB from the cases
against First National Bank of Livingston and Hill. In the briefs, both parties assert the no-evidence partial summary judgment became final after the trial court severed FSB's case
from the other defendants' cases. "Nevertheless, we are obligated to review sua sponte
issues affecting jurisdiction." M.O. Dental Lab v. Rape, 139 S.W.3d 671, 673 (Tex. 2004)
(citing N.Y. Underwriters Ins. Co. v. Sanchez, 799 S.W.2d 677, 678 (Tex. 1990)).

 As a general rule, Texas appellate courts have jurisdiction only over final judgments. 
Lehmann v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001). A judgment is final for
purposes of appellate jurisdiction if it disposes of all claims and parties in a case. Id. 
However, the Texas Supreme Court has stated:

 [A]n order can be final and appealable when it should not be. For example, an
order granting a motion for summary judgment that addressed all of the
plaintiff's claims when it was filed but did not address claims timely added by
amendment after the motion was filed may state unequivocally that final
judgment is rendered that the plaintiff take nothing by his suit. Granting more
relief than the movant is entitled to makes the order reversible, but not
interlocutory.


Id. at 204. An appellate court may look to the record in the case to determine whether an
order actually disposes of all pending claims and parties. Id. at 205-06.

 In this case, Jones's response to the no-evidence motion for partial summary judgment
specifically referenced his amended petition. Thus, although FSB's no-evidence motion for
partial summary judgment did not address the additional causes of action, it appears the trial
court did not overlook them. The trial court's order that "Dennis Jones, Individually, and
d/b/a Pro Star Waste, and Pro Star Waste, L.L.C. take nothing by their suit against [FSB],
and that all costs be taxed against [Jones]," evidences the court's intent to dispose of all
claims against FSB. See id. at 202-04. Furthermore, the trial court's severance of Jones's
case against FSB from the cases against Hill and First National Bank of Livingston indicates
the court's intent to make the partial summary judgment a final order. Id. Because the
record evidences the trial court's intent to dispose of all claims and parties, the order granting
FSB's no-evidence motion for partial summary judgment is a final and appealable order. (3) 

 We review the trial court's grant of summary judgment de novo. Provident Life &
Accident Ins. Co. v. Knott, 128 S.W.3d 211, 215 (Tex. 2003). A party moving for summary
judgment on the ground that there is no evidence of one or more essential elements of a claim
must, in its motion, specifically set forth the elements of the adverse party's claim for which
there is no evidence. Tex. R. Civ. P. 166a(i). In order to defeat a no-evidence motion for
summary judgment before the trial court, the non-movant is required to produce summary
judgment evidence raising a genuine issue of material fact. See id. The non-movant raises
a genuine issue of material fact by producing "more than a scintilla of evidence establishing
the existence of the challenged element. . . ." Ford Motor Co. v. Ridgway, 135 S.W.3d 598,
600 (Tex. 2004). To determine if the non-movant has produced more than a scintilla of
evidence, we view the evidence "in the light most favorable to the non-movant." Id. at 601. 
When the trial court's order does not specify the grounds for granting summary judgment,
we affirm the order if any of the theories presented to the trial court and preserved for
appellate review are meritorious. Knott, 128 S.W.3d at 216. 

 In this case, FSB moved for summary judgment only on the ground that there was no
evidence it accepted checks based upon "forged documents." On appeal, Jones argues he
presented evidence of forged endorsements in support of his statutory conversion claim. (4) 
Thus, we will review whether Jones has produced more than a scintilla of evidence to show
FSB accepted checks based upon forged endorsements. 

 We review whether Jones has raised a material issue of fact to defeat summary
judgment on his statutory conversion claim. The Uniform Commercial Code ("UCC")
provides that "[t]he law applicable to conversion of personal property applies to instruments. 
An instrument is . . . converted if . . . a bank makes or obtains payment with respect to the
instrument for a person not entitled to enforce the instrument or receive payment." Tex. Bus.
& Com. Code Ann. § 3.420(a) (Vernon 2002). The UCC places the burden on the first bank
in the collection chain to insure an endorsement's authenticity. Southwest Bank v. Info.
Support Concepts, Inc., 85 S.W.3d 462, 465 (Tex. App.--Fort Worth 2002), aff'd, 149
S.W.3d 104 (Tex. 2004) (citing Ames v. Great S. Bank, 672 S.W.2d 447, 450 (Tex. 1984)). 
Thus, a bank is responsible if it "pays a check to one other than the actual payee or to his
order, . . . or is paid upon a forged endorsement of the payee. . . ." Id. (citing Tex. Bus. &
Com. Code Ann. § 3.420 cmt. 1 (Vernon 2002)). The UCC makes no distinction between
an unauthorized endorsement and a forgery. Cont'l State Bank, Boyd, Tex. v. Miles Gen.
Contractors, Inc., 661 S.W.2d 770, 773 (Tex. App.--Fort Worth 1983, no writ). 
"'Unauthorized' signature or indorsement means one made without actual, implied, or
apparent authority and includes a forgery." Act of May 25, 1967, 60th Leg., R.S., ch. 785,
§ 1.201, 1967 Tex. Gen. Laws 2343, 2352 (amended 1973, 1983, 1989, 2003, 2005) (current
version at Tex. Bus. & Com. Code Ann. § 1.201(41) (Vernon Supp. 2005)). 

 In this case, Jones presented evidence that showed Hill was not authorized to endorse
checks made payable to Pro Star Waste on its behalf. Dennis Jones's affidavit stated Hill
was not authorized to endorse checks made payable to Pro Star Waste. Jones presented over
eighty copies of checks made payable to Pro Star Waste, or some variation of the company's
name, and at least one check in which the payee designation appears to have been altered. 
Hill endorsed the checks by signing her name along with some variation of the company's
name. Jones also submitted Hill's bank account application form, deposit slips, and bank
statements, which together indicate that Hill deposited the majority of the checks into her
personal account at FSB, and has withdrawn some of the funds through an automated teller
machine. Jones produced more than a scintilla of evidence to show FSB accepted and paid
checks based upon a forged endorsement, sufficient to preclude summary judgment on a
conversion cause of action. 

 FSB urges this Court to find Jones did not prove the checks at issue contained a forged
endorsement of an intended payee because under section 3.308, Hill's signature is presumed
to be authorized if not specifically denied in the pleadings. See Tex. Bus. & Com. Code
Ann. § 3.308(a) (Vernon 2002). FSB's reliance on section 3.308 is misplaced. "The
purpose of the requirement of a specific denial in the pleadings is to give the plaintiff notice
of the defendant's claim of forgery or lack of authority as to the particular signature, and to
afford the plaintiff an opportunity to investigate and obtain evidence." Tex. Bus. & Com.
Code Ann. § 3.308 cmt. 1 (Vernon 2002). Here, Jones sued FSB for converting funds based
upon a forged endorsement. See Tex. Bus. & Com. Code Ann. § 3.420 (Vernon 2002). As
the UCC makes no distinction between an unauthorized endorsement and a forgery, see
Cont'l State Bank, 661 S.W.2d at 773, the lawsuit itself complains of the unauthorized
signature. Section 3.308 does not require a plaintiff to specifically deny the validity of an
unauthorized signature in the pleadings of a conversion suit. See Tex. Bus. & Com. Code
Ann. § 3.308 (Vernon 2002). In addition, we have found no cases in which section 3.308
is applied in a conversion suit, nor has FSB cited to any authority supporting its argument. 
Thus, section 3.308 is inapplicable in this case and there is no presumption that Hill's
signature was authorized.

 Jones also produced the deposition testimony of FSB's vice president, which
indicated the bank allowed Hill to deposit checks made payable to Pro Star Waste into her
personal account. Jones submitted an expert report which stated, inter alia, "[FSB] should
not have permitted Hill to deposit those checks made payable to Pro Star into a personal
account" and concluded FSB did not operate in a commercially reasonable manner. We hold
Jones produced more than a scintilla of evidence to support his claim against FSB. Issue one
is sustained as to Jones's statutory conversion claim. We reverse the trial court's judgment
as to the statutory conversion claim and remand for further proceedings. 

 REVERSED AND REMANDED.


 __________________________________

 CHARLES KREGER

 Justice


Submitted September 1, 2005

Opinion Delivered June 15, 2006



Before Gaultney, Kreger and Horton, JJ.
1. A party may amend its pleadings without obtaining leave from the trial court as long as
the amendment is filed seven or more days before trial. Tex. R. Civ. P. 63. Jones filed his
amended petition approximately two months prior to the summary judgment hearing. See IKB
Indus. (Nigeria) Ltd. v. Pro-Line Corp., 938 S.W.2d 440, 441 (Tex. 1997) (stating a summary
judgment proceeding is considered a trial within the meaning of Rule 63). 
2. If the non-movant timely amends his petition to add a new cause of action after the
movant has filed its motion for summary judgment, the movant must amend the motion to negate
the newly pleaded theory. Johnson v. Fuselier, 83 S.W.3d 892, 898 (Tex. App.--Texarkana
2002, no pet.) (citing Jones v. Ray Ins. Agency, 59 S.W.3d 739, 749 (Tex. App.--Corpus Christi
2001, pet. denied)).
3. By dismissing Jones's statutory and common law conversion claims against FSB, the
trial court erred in granting more relief than FSB was entitled to. See Lehmann, 39 S.W.3d at
204. However, we will not reverse the judgment on this ground because the issue has not been
raised on appeal. See San Jacinto River Auth. v. Duke, 783 S.W.2d 209, 210 (Tex. 1990); see
also Beathard Joint Venture v. West Houston Airport Corp., 72 S.W.3d 426, 436 (Tex. App.--
Texarkana 2002, no pet.).
4. Jones has not preserved review by presenting any issue regarding the dismissal of his
other claims. See Malooly Bros., Inc. v. Napier, 461 S.W.2d 119, 120 (Tex. 1970); see also Tex.
R. App. P. 38.1.