# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-06-00615-CV

Richard Luna, Individually and d/b/a Richard's Machine Services, Appellant

v.

Daniel C. Runyon and Auto, Bus & Truck, LP, Appellees

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT
NO. D-1-GN-05-002733, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This is a restricted appeal from a summary judgment. Appellees Daniel C. Runyon and Auto, Bus & Truck, LP (Runyon) are in the business of providing air-conditioning and automotive service work. Appellant Richard Luna was formerly employed by Runyon. The record reflects a bitter underlying dispute in which Runyon accused Luna, while still its employee, of stealing, embezzling, or misusing Runyon's property and pursuing Runyon's customers to benefit Luna's own business. In addition to pressing criminal charges,[1] Runyon sued Luna for damages, alleging breach of his employment contract, conversion, tortious interference with contractual relations, and breach of fiduciary duty.

---

[1] Luna acknowledges that he pled no contest to Class A misdemeanor theft charges and received deferred adjudication in connection with this dispute.

Runyon filed a traditional motion for summary judgment on all of its claims, relying on Luna's failure to respond or object to requests for admissions. Runyon attached and incorporated by reference a copy of the requests to its summary-judgment motion, along with a signed certified mail return receipt, or "green card," reflecting delivery of the requests to "Richard Luna, Richard's Machine Shop," at a Cedar Park street address. The address corresponded to Luna's last known mailing address, as expressly found by the district court several months earlier in an order permitting Luna's then-counsel to withdraw. In the same order, the district court had ordered that all further notices in the cause should either be delivered to Luna in person or sent to him at that address via certified mail. The green card attached to Runyon's summary-judgment motion was signed by a "C.G. Murphy."

Luna did not respond to Runyon's summary-judgment motion. The district court granted the motion, specifically confirming that the requests for admissions were deemed admitted; permanently enjoined Luna from performing work for certain Runyon customers; and awarded Runyon $581,852.66 in actual damages, $1 million in punitive damages, and $544,862.89 in attorney's fees. With the exception of the attorney's fee award, the relief awarded was consistent with the admissions made as a result of Luna's failure to respond to the requests for admissions.

Luna brings three issues on appeal. He complains that the district court erred in granting summary judgment because (1) the summary-judgment motion did not adequately specify the grounds on which Runyon was relying, (2) Runyon failed to meet his burden of establishing that Luna had been served with the requests for admissions, and (3) the judgment "was tainted by fraud

on the court and otherwise fails to serve the interests of justice." We will modify the attorney's fee award and, as modified, affirm the judgment.

## STANDARD OF REVIEW

A party filing a restricted appeal must demonstrate that (1) he filed the appeal within six months of the date the judgment was rendered; (2) he was a party to the suit; (3) he did not "participate" in the hearing that resulted in the judgment complained of or file any post-judgment motions or appeals; and (4) error is apparent on the face of the record. Tex. R. App. P. 26.1(c), 30; *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004).[2] Only the fourth issue—whether there is error apparent on the face of the record—is in dispute here.

To determine whether there is error on the face of the record, we review the district court's summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003).[3]

---

[2] The first three requirements are jurisdictional and will cut off a party's right to seek relief by way of a restricted appeal if they are not met. *Aviation Composite Techs., Inc. v. CLB Corp.*, 131 S.W.3d 181, 184 (Tex. App.—Fort Worth 2004, no pet.).

[3] The "face of the record" in a restricted appeal means the entire record in a case, including, as applicable, the clerk's record and reporter's record. *See Petco Animal Supplies, Inc. v. Schuster*, 144 S.W.3d 554, 559 (Tex. App.—Austin 2004, no pet.) (citing *Norman Commc'ns v. Texas Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997) (per curiam)). Error "apparent" on that record means that proof of the error must actually appear in the record and cannot be inferred from the record. *Gold v. Gold*, 145 S.W.3d 212, 213 (Tex. 2004) (mere absence of proof that notice of intent to dismiss suit for want of prosecution was sent to plaintiff was not proof "apparent on the face of the record" that plaintiff, in fact, did not receive such notice); *Alexander*, 134 S.W.3d at 849-50 (same). If, based on the summary-judgment record, the district court erred in granting summary judgment, such error would be "apparent on the face of the record." In other words, appellate courts apply the same standards when reviewing traditional summary judgments in both ordinary appeals and restricted appeals. *See Lester v. Capital Indus., Inc.*, 153 S.W.3d 93, 95 (Tex. App.—San Antonio 2004, no pet.); *see also Mora v. Southwestern Bell Media, Inc.*,

3

Summary judgment is proper when there are no disputed issues of material fact and the movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Shell Oil Co. v. Khan*, 138 S.W.3d 288, 291 (Tex. 2004) (citing *Knott*, 128 S.W.3d at 215-16). In deciding whether there is a disputed material fact issue precluding summary judgment, we take as true proof favorable to the non-movant, and we indulge every reasonable inference and resolve any doubt in favor of the non-movant. *Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex. 1995); *Texas Woman's Univ. v. Methodist Hosp.*, 221 S.W.3d 267, 276 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

To be entitled to summary judgment, a plaintiff must conclusively establish all elements of his cause of action as a matter of law. *Time Out Grocery v. The Vanguard Group, Inc.*, 187 S.W.3d 41, 42 (Tex. App.—Dallas 2005, no pet.) (citing *MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex. 1986) (per curiam)). A matter is conclusively established if ordinary minds could not differ as to the conclusion to be drawn from the evidence. *Allbritton v. Gillespie, Rozen, Tanner & Watsky, P.C.*, 180 S.W.3d 889, 891 (Tex. App.—Dallas 2005, pet. denied).

## ANALYSIS

Failure to timely respond to a request for admission results in its being considered admitted without further action by the court, often referred to as being "deemed admitted." *See* Tex. R. Civ. P. 198.2(a) (30-day response deadline), (c) ("If a response is not timely served, the

---

763 S.W.2d 527, 528 (Tex. App.—El Paso 1988, no writ) (applying same standard of review to reverse summary judgment in appeal by writ of error as in ordinary appeal); *Ridgeline, Inc. v. Crow-Gottesman-Shafer No. 1*, 734 S.W.2d 114, 116-17 (Tex. App.—Austin 1987, no writ) (same); *Davis v. Hughes Drilling Co.*, 667 S.W.2d 183, 184 (Tex. App.—Texarkana 1983, no writ) (same); Tex. R. App. P. 30 (statutes pertaining to former writ of error appeals to the courts of appeals apply to restricted appeals).

request is considered admitted without necessity of court order."). Deemed admissions may support summary judgment. *See, e.g.*, *Acevedo v. Comm'n for Lawyer Discipline*, 131 S.W.3d 99, 105 (Tex. App.—San Antonio 2004, pet. denied). Unless the party who failed to respond to a request for admissions obtains a court order setting aside the deemed admissions—which Luna did not attempt to do here[4]—they constitute judicial admissions that bind the party and render inadmissible contrary trial or summary-judgment evidence. *See Marshall v. Vise*, 767 S.W.2d 699, 700 (Tex. 1989); *Jones v. Citibank, N.A.*, 235 S.W.3d 333, 337 (Tex. App.—Fort Worth 2007, no pet.).

In his second issue, Luna contends that Runyon failed to establish that it served him with the requests for admissions. Luna acknowledges that Runyon certified its compliance with rule 21a of the Texas Rules of Civil Procedure, giving rise to a presumption that he received the requests. *See* Tex. R. Civ. P. 21a; *Cliff v. Huggins*, 724 S.W.2d 778, 780 (Tex. 1987) (observing that this presumption has the force of a rule of law). Luna did not present evidence to controvert this presumption. *See Huggins*, 724 S.W.2d at 780 (observing that presumption that notice sent in compliance with rule 21a was received by the intended recipient is not evidence and that it "vanishes" when opposing evidence is introduced). Instead, Luna argues on appeal that the certified mail "green card" introduced by Runyon is evidence of non-receipt. Although Luna does not dispute that the signed green card is evidence that the requests were actually received at his last known address, he urges that the fact that he did not *personally* sign the green card controverts the

---

[4] *See* Tex. R. Civ. P. 198.3; *Wheeler v. Green*, 157 S.W.3d 439, 442-44 (Tex. 2005) (per curiam).

presumption of receipt and renders service "fatally defective and invalid." We disagree. Luna, again, did not present evidence of non-receipt. The mere fact that the green card indicating receipt at Luna's address was signed by "C.G. Murphy" provides no greater support for the inference that Luna did not receive the requests than for the inference that he did receive them. *See Thomas v. Ray*, 889 S.W.2d 237, 238-39 (Tex. 1994) (requiring "verified proof" of non-receipt to overcome presumption); *cf. Wembley Inv. Co. v. Herrera*, 11 S.W.3d 924, 927 (Tex. 1999) (presumption of receipt overcome when party's counsel "provided affidavits averring that they never received" documents allegedly served); *Smith v. Holmes*, 53 S.W.3d 815, 818 (Tex. App.—Austin 2001, no pet.) (green card signed by another person did not raise fact issue regarding receipt in face of sworn proof of non-receipt). Accordingly, the green card is not evidence of Luna's non-receipt, *see City of Keller v. Wilson*, 168 S.W.3d 802, 813-14 (Tex. 2005) (explaining equal-inference rule), and we must give effect to rule 21a's presumption that he received the requests. We overrule Luna's second issue.

In his first issue, Luna argues that Runyon's summary-judgment motion failed to state the "grounds" on which it was based to the extent required by Tex. R. Civ. P. 166a(c) and *McConnell v. Southside Independent School District*, 858 S.W.2d 337, 340-41 (Tex. 1993). Luna's complaint seems to be that Runyon's motion did not enumerate each element of each of its causes of action or tie each element to specific admissions. We disagree that Runyon's motion failed to state its grounds adequately. Summary-judgment "grounds" refer simply to the "reasons entitling the movant to summary judgment." *McConnell*, 858 S.W.2d at 339 n.2. Here, Runyon stated in its motion that it was entitled to judgment as a matter of law because it had served requests for

6

admission on Luna, Luna had failed to respond, the requests were accordingly deemed admitted, and these admissions "were dispositive of all issues in the case." Further, Runyon attached a copy of the requests and incorporated them into its motion. Deemed admissions constitute binding judicial admissions unless and until the affected party obtains an order setting them aside. *See Marshall*, 767 S.W.2d at 700. Runyon's motion gave Luna notice of the reason why it claimed entitlement to summary judgment: there were deemed admissions against him that, unless set aside, would entitle Runyon to judgment as a matter of law on all of its claims. Contrary to Luna's arguments, Runyon's motion is distinguishable from a mere statement that it was entitled to judgment as a matter of law on "all causes of action asserted," *see Black v. Victoria Lloyds Ins. Co.*, 797 S.W.2d 20, 27 (Tex. 1990), or a "general reference to a voluminous record." *See Shelton v. Sargent*, 144 S.W.3d 113, 120 (Tex. App.—Fort Worth 2004, pet. denied). We overrule Luna's first issue.

In his third issue, Luna complains of various aspects of the underlying dispute that are outside the record. Within our scope of review, however, Luna points out that the district court's summary judgment awarded Runyon "reasonable and necessary attorney's fees based upon the one-third contingency fee applicable to this case in the amount of $544,863.89." The sole summary-judgment evidence regarding attorney's fees is an admission that "[a] reasonable attorney's fee in this case is $158,185.27" and that Runyon "should be awarded $158,185.27 for their attorney's fees." On this record, we agree that the district court erred in awarding attorney's fees based on a percentage contingency calculation that was neither admitted nor otherwise in evidence. We will sustain Luna's third issue to the extent of holding that the district court's award of attorney's fees should be modified to award the amount supported by the evidence, $158,185.27.

7

**CONCLUSION**

We modify the district court's judgment to delete the award of "reasonable and necessary attorney's fees based upon the one-third contingency fee applicable to this case in the amount of $544,863.89," and instead award $158,185.27 in attorney's fees. As modified, we affirm the judgment.

_____

Bob Pemberton, Justice

Before Justices Patterson, Puryear and Pemberton

Modified and, as Modified, Affirmed

Filed: July 3, 2008

8