**UNITED AUTOMOBILE INSURANCE COMPANY, Appellant,**

v.

**1/2 PRICE CHECKS CASHED, Appellee.**

**No. 05–08–01685–CV.**

Court of Appeals of Texas, Dallas.

April 14, 2010.

Theodore Cassiday Keramidas, Keramidas and Associates, Richardson, TX, for appellant.

Gavin Lewis, Aledo, TX, for appellee.

Before Justices MORRIS, O'NEILL, and FILLMORE.

**OPINION**

Opinion by Justice MORRIS.

In this appeal, United Automobile Insurance Company contends the trial court erred in awarding attorneys' fees to appellee ½ Price Checks Cashed in appellee's suit to recover on a dishonored check. UAIC argues that, under Texas case law, including an opinion by this court, the trial court's award of fees was erroneous as a matter of law. Concluding UAIC's argument has merit, we reverse the portion of the trial court's judgment awarding attorneys' fees and render judgment that appellee is not entitled to recover attorneys' fees in this case.

## I.

The relevant facts of this case are undisputed. On October 17, 2007, UAIC issued a check made payable to Patrick Bretton, Brandy Bretton, and DBD Motor Company, Inc. The payees endorsed the check and negotiated it to appellee as part of a check-cashing transaction. Appellee deposited the check into its bank account, and the check was forwarded to appellant's bank for payment. Appellant's bank dishonored the check, and the check was returned to appellee. Appellee filed suit against UAIC in justice court asserting a claim under section 3.414(b) of the Texas Business and Commerce Code. Appellee sought to recover the face amount of the check, statutory damages, and interest. Appellee also requested attorneys' fees pursuant to section 38.001(8) of the Texas Civil Practice and Remedies Code. The court awarded appellee $1,318.64 in actual and statutory damages and $1,995 in attorney's fees.

UAIC sought a *de novo* appeal of the judgment in the trial court below. Appellee moved for summary judgment arguing the evidence conclusively established UAIC's liability on the check as a matter of law. In its response to the motion, UAIC did not dispute its liability but argued that appellee was not entitled to recover attorneys' fees. UAIC contended there was no legal basis for an award of fees because there was no oral or written contract between the parties as required by section 38.001(8) of the civil practice and remedies code. The trial court granted summary judgment in favor of appellee and awarded damages in the amount of $1,279.98. The court also awarded attorneys' fees in the amount of $2,995. This appeal ensued.

## II.

In its sole issue on appeal, UAIC contends the trial court erred in awarding appellee attorneys' fees because there is no legal basis to support the award. The sole basis asserted for the fee award was section 38.001(8) of the civil practice and remedies code. Attorneys' fees are recoverable under section 38.001(8) only if the party seeking the award has prevailed and recovered on a claim based on an oral or written contract. See TEX. CIV. PRAC. & REM.CODE ANN. § 38.001(8) (Vernon 2008). UAIC argues that appellee's claim in this case was not for breach of an oral or written contract and, therefore, appellee is not entitled to recover fees. UAIC further argues our decision in this case is controlled by our earlier holding in *Time Out Grocery v. The Vanguard Group*, 187 S.W.3d 41 (Tex.App.-Dallas 2005, no pet.). We agree.[1]

The facts presented in *Time Out Grocery* are essentially identical to those presented here. Vanguard issued a check to a payee who endorsed the check and cashed it at Time Out Grocery. See *id.* at 42. When the check was presented to Vanguard's bank for payment, the bank refused. *Id.* Time Out Grocery sued Vanguard under the business and commerce code and recovered the amount owed on the check along with statutory penalties. *Id.* The trial court refused, however, to award Time Out Grocery attorneys' fees under section 38.001(8). *Id.* This court affirmed the trial court's decision, holding that Vanguard's obligation to Time Out Grocery arose from "a statutory, not a contractual, obligation." *Id.* at 44. We further stated that "the promise and obligation embodied by sections 3.104 and 3.414(b) [of the business and commerce code] lack the element of mutual promises necessary to create a contract between

---

1. Appellee asks us to reconsider our holding in *Time Out Grocery*. We decline to do so.

them." *Id.; see also Zamora v. The Money Box,* No. 04–08–00549–CV, 2009 WL 2050207, at *4 (Tex.App.-San Antonio July 15, 2009, pet. denied) (mem. op.) (agreeing with the reasoning of *Time Out Grocery* ).

Appellee contends this case is distinguishable from *Time Out Grocery* because, in this case, appellee pleaded a claim for breach of contract. An examination of appellee's petition shows that it asserted UAIC's legal obligation to pay on the check arose under section 3.414(b) of the business and commerce code. Although appellee characterized UAIC's failure to pay as a breach of contract, we focus on the true nature of the dispute rather than allow artful pleading to morph a claim into a different cause of action to gain favorable redress under the law. *See Baylor Univ. v. Sonnichsen,* 221 S.W.3d 632, 636 (Tex.2007). UAIC's liability in this case was purely statutory and, as such, attorney's fees were not recoverable under section 38.001(8) of the civil practice and remedies code. We sustain UAIC's sole issue.

Based on the foregoing, we reverse the portion of the trial court's judgment awarding appellee attorneys' fees and render judgment that appellee is not entitled to recover fees under section 38.001(8) of the Texas Civil Practice and Remedies Code. We affirm the trial court's judgment in all other respects.