Gus LAZIDIS, Harold R. Shuler and Louise G. Reese, III, Appellants,

v.

Mollie Hannah GOIDL, Appellee.

No. 19445.

Court of Civil Appeals of Texas, Dallas.

March 28, 1978.

Thomas K. Boone, Dalton, Moore, Forde, Joiner & Stollenwerck, Dallas, for appellants.

Roger D. Bush, Steinberg, Luerssen & Vogelson, Dallas, for appellee.

AKIN, Justice.

This is an appeal from a summary judgment rendered in favor of appellee on a promissory note and against the maker and certain guarantors, three of which appeal. As grounds, appellants assert that: (1) the summary judgment evidence did not establish that appellee had possession of the note; (2) that the affidavits attached to appellee's motion did not show how the affiants had personal knowledge of the averments; and (3) the appellee sought an alternative and inconsistent remedy to this action by seeking in another suit to foreclose a vendor's lien on the property securing the note. We hold, however, that the affidavits properly support the judgment and that the alternative remedy sought by appellee is not inconsistent with this action. Accordingly, we affirm.

Appellants first contend the trial court erred in rendering summary judgment in favor of appellee because the summary judgment evidence does not establish that appellee had possession of the note, citing *Texas National Corp. v. United Systems International*, 493 S.W.2d 738 (Tex.1973). In that case, the supreme court stated: "If a sworn or certified copy, rather than the original of the note, is used, the motion or affidavit should clearly evidence that the plaintiff is the present owner and holder and *in possession of the note.*" [Emphasis added]. Since the original note was not before the trial court, our question turns on whether the affidavits comport with this language in the supreme court's opinion.

Appellee's motion is supported by affidavits of appellee, her attorney, and her son. The attorney's affidavit avers that the attached exhibit is a true and correct copy of the note, the original of which was exe-

cuted by appellants and delivered to appellee and that appellee "has been the owner and holder of such note at all times since the delivery of same to her." A second affidavit by the attorney states that he is the attorney of record for appellee. Mrs. Goidl's affidavit states that she has "been the owner and constructive holder of the note at all times since its delivery for her behalf." The affidavit of Irving Goidl identifies the affiant as the appellee's son and states that he has managed appellee's affairs for the past five years. In such capacity, he states that the note was delivered to him for appellee by her attorney and that he kept the note for appellee "until recently when such note was turned over to Mrs. Goidl's attorney, Lawrence E. Steinberg." Attached to all three affidavits is a copy of a note, which all affiants aver to be a true and correct copy of the original note. No where in any affidavit is it specifically stated that Mrs. Goidl is in possession of the original note; however, it is clear that Mrs. Goidl's son had actual possession of the note until it was turned over to her attorney apparently for collection and that both were her authorized agents.

■ Although the supreme court used the terms "present owner and holder and in possession" of the note, the term "in possession" is redundant of the word "holder." The language "in possession" is significant only in the sense that a person in possession of a note is prima facie presumed to be the "owner and holder." The word "holder" is a word of art with a specific legal meaning. Tex.Bus. & Com.Code Ann. § 1.201(20) (Vernon's 1968), defines holder as "a person who is in possession of a document of title or an instrument or an investment security drawn, issued or endorsed to him or to his order or to bearer or in blank." Under this definition, the use of the word "holder" includes possession of the note by definition. Likewise, a person may be the owner and holder of a note when the note is held by an authorized agent of the owner, as here. E. g., *Felton v. Davenport*, 148 S.W.2d 988 (Tex.Civ.App.—El Paso 1941, writ dism'd, jdgmt. correct), *Dickson v. Dickson*, 324 S.W.2d 422 (Tex.Civ.App.—

Houston 1959, no writ). Consequently, in our view, the term "constructive holder" as averred in Mrs. Goidl's affidavit, was used only in the sense that she did not have physical possession, although she was a holder under the Uniform Commercial Code. Nevertheless, in our view, the appellee's affidavits collectively show that Mrs. Goidl is the owner and holder of the note and that physical possession of the note is in her agent, Steinberg. Thus, the contention that the note may be in the hands of an innocent third party, as appellants urge, is specious.

■ Appellants next contend that the trial court erred in granting appellee's motion for summary judgment because the affidavits in support of the motion do not properly show how each affiant had the requisite personal knowledge of the matters therein. Appellants rely on *Greater Houston Bank v. Miller & Freeman Ford, Inc.*, 540 S.W.2d 390, 392 (Tex.Civ.App.—Corpus Christi) rev'd on other gds., 544 S.W.2d 925, 926 (Tex.1976) for the proposition that conclusory statements by an affiant that he has personal knowledge of all matters stated in his affidavit are not sufficient; the affiant must show how he learned of the facts contained in the affidavit. We agree with this statement generally; however, here the affidavits collectively show how each affiant learned of or knew the facts contained in each affidavit. Irving Goidl states in his affidavit that a true and correct copy of the real estate note is attached and that the note was delivered to him for appellee by her attorney in connection with the sale of certain property. He further states he had been keeping the note for appellee until he turned it over to her attorney. Thus, he has shown how he knew the facts contained in his affidavit. The affidavit of appellee recites that she conveyed certain real estate to L.R.R.S. Corp. and in partial consideration a note was executed by L.R.R.S. Corp., et al. She further states she is the owner and constructive holder of the note. Finally, Steinberg's affidavit recites that a true and correct copy of a real estate note executed by L.R.R.S. Corp., et

al, and delivered to appellee is attached and that appellee has been the owner and holder of the real estate note at all times since its delivery to her. Thus, the recitation of fact by each affiant clearly shows how each learned or knew of the matters contained in each affidavit. Consequently, these averments are not conclusions within the ambit of the authorities cited by appellants.

■ In connection with the contention that the affidavits are insufficient in that they are not shown to be based on personal knowledge, appellants argue that the affidavits relied on by appellee are from interested witnesses and consequently will not support a summary judgment unless they are clear, direct and positive and there are no circumstances tending to discredit the testimony. They argue that statements made by appellee's attorney in his affidavit that appellee is the owner and holder conflict with statements made by Irving Goidl in his affidavit that appellee's attorney is in possession, in that it is impossible to tell whether appellee's attorney has possession of the note. The fact that appellee's attorney states appellee is the owner and holder does not negate the fact he has possession. Indeed, as we have noted, *supra*, possession may be in the hands of an authorized agent of the owner and still the owner may aver that he is the owner and holder of the note. We conclude that the affidavits here are clear, direct and positive and nothing in the record tends to impeach them. Under these circumstances, the mere fact that they may be from interested witnesses will not defeat summary judgment. *International Shelters, Inc. v. Corpus Christi State Nat'l Bank*, 475 S.W.2d 334, 337–338 (Tex.Civ. App.—Corpus Christi 1971, no writ); *see Lotspeich v. Chance Vought Aircraft*, 369 S.W.2d 705, 711–712 (Tex.Civ.App.—Dallas 1963, writ ref'd n. r. e.).

■ Finally, appellants argue the trial court erred in granting appellee's motion for summary judgment on the promissory note because a previously instituted suit between the same parties was pending in another court in which appellee was suing to recover title to the realty securing the note. Thus, appellants conclude, appellee was pursuing an alternative and inconsistent remedy to an action on the note. We do not agree. Appellee attaches by affidavit her pleading in that suit which shows, contrary to appellant's contention, that appellee was seeking foreclosure of a vendor's lien rather than rescission. A holder of a secured note may sue, as here, on the note without resorting to the security. *Carter v. Gray*, 125 Tex. 219, 81 S.W.2d 647, 648 (1935); *Weatherby v. Townes*, 42 Tex. 83 (1875); *Harper v. First State Bank of Grand Prairie*, 3 S.W.2d 552, 553 (Tex.Civ. App.—Waco 1928, writ ref'd). On the other hand, a holder of a secured note may proceed against the security and, then, if a deficiency exists, seek payment from the maker and guarantors. The mere fact that appellee may have the right to rescind under a vendor's lien is not tantamount to an election to exercise that right. *Carter v. Gray, id* at 648. *See Maupin v. Chaney*, 139 Tex. 426, 163 S.W.2d 380, 384 (1942) (per Alexander, C. J.). Since, in appellee's other suit, she seeks foreclosure of her security interest, not rescission, no election was made nor required.

Affirmed.