**JACKSON T. FULGHAM CO., INC., Appellant,**

v.

**STEWART TITLE GUARANTY COMPANY, Appellee.**

No. 05–82–00285–CV.

Court of Appeals of Texas, Dallas.

March 23, 1983.

Bill C. Hunter, Dallas, for appellant.

Richard Martin, Dallas, for appellee.

Before CARVER, FISH and ROWE, JJ.

ROWE, Justice.

This is a summary judgment case involving collection of a promissory note. Stewart Title Guaranty as endorsee of the note sued Fulgham Company, maker of the note. A motion for summary judgment by Stewart Title Guaranty was based upon the live pleadings, an affidavit by one of its vice-presidents with documentary exhibits attached, and Fulgham Company's answers to requests for admission. The trial court granted the relief sought by movant. We affirm.

Fulgham Company attacks the trial court's judgment first with a general point of error, unquestionably adequate under *Malooly Brothers, Inc. v. Napier*, 461 S.W.2d 119 (Tex.1970), which alleges only that the trial court erred in granting the summary judgment motion. In three additional points of error Fulgham Company then attacks the sufficiency of movant's affidavit. The gravamen of all these points of error is that the summary judgment evidence failed to negate the existence of material issues of fact as to Stewart Title Guaranty's status as a holder in due course of the note, lack of consideration for the note, default under the note, application of all off-setting credits against the note, and the statutory prerequisite for collection of a note representing payment of a real estate commission.

### *Adequacy of Kirkland's Affidavit*

Fulgham Company objected in the trial court to the competency for summary judgment purposes of that evidence contained in

the affidavit of Donald R. Kirkland, Jr. One basic complaint asserted both before the trial court and on appeal concerns a lack of adequate predicate that affiant had personal knowledge of the relevant facts.

In his affidavit, Kirkland affirms that he is a vice-president and agent of Stewart Title Guaranty, is qualified in all respects to make the affidavit, and has personal knowledge of the facts contained in the motion for summary judgment.

■ We agree with Fulgham Company's contention that to be sufficient an affidavit must in some way affirmatively show how affiant became personally familiar with the facts so as to be able to testify as a witness and that a self-serving recitation of such does not satisfy the requirement. Tex. R.Civ.P. 166–A; *Murfee v. Oquin,* 423 S.W.2d 172 (Tex.Civ.App.—Amarillo, 1967, writ ref'd n.r.e.). We disagree, however, that Kirkland's affidavit is insufficient on this ground. The unchallenged averment that Kirkland is the vice-president and agent of Stewart Title Guaranty shows *how* affiant learned or *knew* of the facts and thus satisfies the requirement. *Barham v. Sugar Creek National Bank,* 612 S.W.2d 78 (Tex.Civ.App.—Houston [14th Dist.] 1981, no writ). *See also Lazidis v. Goidl,* 564 S.W.2d 453 (Tex.Civ.App. Dallas 1978, no writ). As to facts therein recited, Kirkland's affidavit is competent evidence in support of the summary judgment.

### Holder in Due Course

Stewart Title Guaranty Company, which should not be confused with Stewart Title Company, claimed to be a holder by endorsement of a certain promissory note made payable by Fulgham Company to J. Patrick Duffy. In response to requests for admission, Fulgham Company admitted the execution and delivery of such a note and identified a copy attached to the request as being true and correct. By its terms the note was payable "on or before June 15, 1981, or upon next release of a parcel of

land in this sale [1], whichever occurs first." The copy in question bears a written endorsement from J. Patrick Duffy to Stewart Title Guaranty Company. Neither by special denial, required by Tex.R.Civ.P. 93(i), nor otherwise, has Fulgham Company objected to this endorsement evidencing transfer of ownership of the note. The affidavit of Kirkland, filed in support of the summary judgment motion, further identifies this note as the one in fact acquired by his company, Stewart Title Guaranty, on October 13, 1980, through separate assignment from J. Patrick Duffy. A recorded copy of this assignment is attached. Fulgham Company did not, by special denial required by Tex.R.Civ.P. 93(j), object to the stated valuable consideration for this transfer. Kirkland's affidavit affirms the fact that his company "is now and was at the time of filing of this lawsuit the holder of the subject note and that this holder placed said note with the Law Firm of Chancellor and Wood, Dallas, Texas, for collection."

Tex.Bus & Com.Code Ann. § 1.201(20) (Vernon 1968), defines a "holder" as a "person who is in possession . . . of an instrument . . . endorsed to him or to his order . . ." Tex.Bus & Com.Code Ann. § 3.302 (Vernon 1968), defines a "holder in due course" as a "holder who takes the instrument (1) for value; and (2) in good faith; and (3) without notice that it is overdue or has been dishonored or of any defense against or claim to it on the part of any person."

Our Supreme Court has held that affidavit evidence similar to that in this record supported a summary judgment where the status of a holder was at issue. *Life Insurance Company of Virginia v. Gar-Dal, Inc.,* 570 S.W.2d 378, 381 (Tex.1978). There the affidavit also was by a vice-president of the movant, and a copy of the underlying note was identified. Affiant swore that movant was "the sole owner and holder of the note." Because both the statutory definition of "holder" and the dictionary defini-

---

1. The sale in question involved acquisition of real property by Fulgham Company, as to which J. Patrick Duffy acted as real estate agent. For reasons stated in the opinion, transactions incident to this sale are not material to our holding.

tion equate this term with "a person in possession" of a note, this recitation was held to be sufficient to show that movant was in the "possession" of the note. Such evidence standing uncontroverted was held to properly support the summary judgment.

Likewise in *Lazidis v. Goidl,* 564 S.W.2d 453, 455 (Tex.Civ.App.—Dallas 1978, no writ), this court held that the word "holder" of a note included by definition "possession of the note," even though physical possession was in the hands of an agent or attorney, and that affidavit testimony that movant "had been the owner and holder of such note at all times since the delivery of same to her" was sufficient to support summary judgment. To the same effect is *Packer v. First Texas Savings Association of Dallas,* 567 S.W.2d 574, 575 (Tex.Civ.App.—Eastland 1978, writ ref'd n.r.e.), wherein summary judgment was found supportable on an affidavit of the facts by movant's vice-president, by copies of the underlying documents, not denied under oath, and by requests for admissions concerning them.

■ The proposition of law is well established that every note holder is presumed to be a holder in due course absent evidence to the contrary. *Bryan v. Citizens National Bank in Abilene,* 628 S.W.2d 761, 763 (Tex.1982); *Favors v. Yaffe,* 605 S.W.2d 342, 344 (Tex.Civ.App.—Houston [14th Dist.] 1980, writ ref'd n.r.e.). The only defense asserted by Fulgham Company is that the note was based upon a transaction between Fulgham and Stewart Title Company, the terms of which necessarily rendered the note unenforceable. This defense, however, fails in the absence of any showing of a relationship between Stewart Title Company and Stewart Title Guaranty that would have charged Stewart Title Guaranty with knowledge of any defense. In the absence of probative evidence from Fulgham Company to the contrary, we hold that the facts recited in Kirkland's affidavit, together with documents attached to the affidavit and Fulgham Company's answers to requests for admissions, establish as a matter of law that Stewart Title Guaranty is a holder in due course of the note in question.

## Failure of Consideration

■ Although Fulgham Company may have raised fact issues as to various defenses regarding failure of consideration for the note, these defenses are good only as against the original payee and holder, J. Patrick Duffy. The rights of Stewart Title Guaranty held by assignment from Duffy are those of a holder in due course against whom such defenses are not sustainable. Tex.Bus. & Com.Code Ann. § 3.305 (Vernon 1968).

## Default

■ The note by its undisputed terms was due and payable not later than June 15, 1981. In response to three requests for admissions Fulgham Company admitted: (1) no payments on the note were made by it on or before June 15, 1981; (2) demand for payment had been made on it by Stewart Title Guaranty; but (3) no payment had been made by it prior to filing of the lawsuit on September 3, 1981. Further, movant's affidavit executed December 3, 1981, affirmed the fact that no payments had been made on the note as of that date. We hold such evidence sufficient to establish beyond dispute that the note was past due and totally unpaid.

■ Although Fulgham Company denied a request concerning whether it had wholly "defaulted" on the note, such a denial must be considered in the context of allegations made by Fulgham Company seeking to negate any present liability on the note. Since "default" may be defined generally as a failure to perform a contractual duty, to the extent Fulgham Company's response addressed the absence of duty, the request and response must be treated as an unauthorized inquiry about a matter of law and not binding as an admission under Tex.R. Civ.P. 169. When so considered, such denial is insufficient as a matter of law to impugn the fact of non-payment on an overdue note, upon which Stewart Title Guaranty's recovery rests.

## Off-setting Credits

Fulgham Company incorrectly assumes that the burden was on Stewart Title Guaranty to prove beyond dispute that all off-setting credits had been allowed against the gross amount due on the note. To the contrary, entitlement to off-setting credits is an affirmative defense which Fulgham was required to raise by some competent evidence if summary judgment on the main case is to be defeated. *Life Insurance Company of Virginia v. Gar-Dal, Inc.,* 570 S.W.2d 378 (Tex.1978). Because the opposing affidavit filed by Fulgham Company does not address the issue of off-setting credits, the record is devoid of evidence that off-setting credits were not fully allowed so the full damage award made by the trial court has proper support.

## Collection of Real Estate Commission

Fulgham Company pleaded under oath that the note it allegedly executed in favor of J. Patrick Duffy was given in whole or in part in payment for real estate commissions. This being so, Fulgham Company argues that such note is unenforceable absent proof that at the time the brokerage services were performed the payee was duly licensed under the Texas Real Estate License Act, Tex.Rev.Civ.Stat.Ann. art. 6573a (Vernon Supp. 1982–1983)[2]. Because there is no proof on this point in the record, Fulgham Company contends that the summary judgment enforcing the note against it was improperly granted. We cannot agree.

Stewart Title Guaranty does not seek herein to collect real estate commissions. It seeks to enforce a promissory note as to which it is a transferee and holder in due course. Although the exact question appears not to have been presented on appeal before in Texas, we believe the correct rule of law is that a note given in payment of real estate commissions may be enforced by a holder in due course without allegation and proof otherwise required by Section 20(a) of Article 6573a. The purpose of article 6573a is to regulate the practices of those engaged in the business of selling real estate for compensation and to eliminate or reduce fraud in the interest of the public. *Justice v. Willard,* 538 S.W.2d 651 (Tex.Civ. App.—Amarillo, 1976, no writ). A person selling real estate who violates its provisions is subject to criminal prosecution and to civil penalties recoverable by an aggrieved person in amounts not less than the commission wrongfully received. Article 6573a, sections 19(a) and (b). In addition, such person is deprived of the right to use the courts to collect for brokerage services rendered without a license. Article 6573a, section 20(a). These penalties are personal insofar as they are imposed directly upon the offender. With respect to the rights of aggrieved parties, the effect of the statutory scheme is to render their obligations to an unlicensed broker voidable at their election. Consequently, a holder in due course takes an instrument given to an unlicensed broker in payment of real estate commissions free from the defense of any non-compliance with the statute. Tex.Bus. & Com. Code Ann. § 3.305 (Vernon 1968). Stewart Title Guaranty was not obliged as a condition precedent to recovery to prove the payees' compliance with article 6573a, and summary judgment was properly granted absent such proof.

Fulgham Company's two additional complaints about the inadequacy of Kirkland's affidavit question the evidentiary support afforded by those portions which do not recite facts directly but rather incorporate them by reference to underlying pleadings and those portions which recite conclusions of law rather than facts. Because we are able to conclude, without resort to such portions of the affidavit, that Stewart Title Guaranty is a holder in due course of a note in default, we decline to address these two points of error.

---

**2.** Section 20(a) of the Act provides in pertinent part as follows:

"A person may not bring or maintain an action for the collection of compensation . . . (for selling real estate in this state) . . . without alleging and proving that the person performing the brokerage services was a duly licensed real estate broker or salesman at the time the alleged services were commenced. . . ."

■ Fulgham Company argued on oral submission and in a supplemental brief that the summary judgment must be reversed because movant failed to establish that it was the *owner* of the note as well as the holder of the note. This argument is not persuasive, because by statute a holder of a note, *even if not the owner,* may enforce it. Tex.Bus. & Com.Code Ann. § 3.301 (Vernon 1968); *Taylor v. Fred Clark Felt Company,* 567 S.W.2d 863 (Tex.Civ.App.—Houston [14th] 1978, writ ref'd n.r.e.).

Affirmed.