COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.  2-06-445-CV

 

 

H. LANCE STINNETT AND                                                   APPELLANTS

METZ
B. CASTLEBERRY

 

                                                   V.

 

SFJV-2003-1, LLC                                                                  APPELLEE

 

                                              ------------

 

            FROM
THE 415TH DISTRICT COURT OF PARKER COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








This is a suit on a
promissory note.  Appellants H. Lance
Stinnett and Metz B. Castleberry appeal from a summary judgment in favor of
Appellee SFJV- 2003-1, LLC.  In three
issues, Appellants argue that the trial court erred by granting summary
judgment because (1) the summary judgment evidence consisted substantially of
affidavits which were not competent summary judgment evidence; (2) Appellee=s summary judgment evidence did not properly establish ownership of
the note; and (3) Appellee=s summary judgment evidence was internally inconsistent and inherently
unreliable.  We affirm.

                                            Background

In 1999, Appellants purchased
real property in Parker County under a warranty deed with a vendor=s lien.  Appellants executed a
note and deed of trust in favor of Texas Bank to fund the purchase.  In 2004, Appellee sued Appellants, alleging
that Appellee had become holder of the note and deed of trust through a series
of assignments and that the note was due and unpaid.  Appellee sought rescission of the vendor=s lien and nonjudicial foreclosure. Appellants filed a general denial.









Appellee filed a first motion
for summary judgment in March 2005.  The
motion was supported by the affidavit of Becky Howell, the Aforeclosure supervisor@ employed by Appellee=s trial counsel.  Howell averred
that she had personal knowledge of the facts recited in her affidavit because
she was Aresponsible for all default servicing activities involved in relation
to [Appellants=] loan on
behalf of [Appellee].@  She further averred that she was Acustodian of [Appellee=s] records with respect to default servicing of [Appellants=] loan.@  In two paragraphs, her affidavit inexplicably
refers to Appellants as ADecedent.@  She averred that Appellee was
the lawful holder of the note and the beneficiary of the deed of trust.  Her affidavit goes on to purportedly
authenticate several documents as Appellee=s business records, including the note; the warranty deed with vendor=s lien; the deed of trust; and assignments of the lien from Texas Bank
to Chase Manhattan Mortgage Corporation, from Chase to the Secretary of Housing
and Urban Development, and from the Secretary to Appellee.  Copies of those documents are attached to
Howell=s affidavit, and the copies of all of the documents except the note
appear to be certified copies under the seal of the Parker County Clerk. 

Appellants filed a summary
judgment response, arguing that Howell=s affidavit shows that she was, at most, the records custodian for
Appellee=s counsel, rather than Appellee itself.  Appellants further observed that the copy of
the note attached to Howell=s affidavit bore endorsements (1) to Chase and (2) from Chase to an
unnamed person but no endorsement to Appellee. 









In July 2005, Appellee filed AMovant=s 1st
Amended Affidavit.@  This affidavit was executed by Roger L.
Simpson, Appellee=s Avice president of loan documentation.@  Apart from his name and job
title, Simpson=s affidavit
is virtually identical to Howell=s, even twice referring to Appellants as ADecedent.@  Attached to Simpson=s affidavit is another copy of the note, identical to the copy
attached to Howell=s
affidavit.  Rather than attach copies of
the other relevant documents, his affidavit refers to the copies attached to
Howell=s.

Appellants filed a
supplemental summary judgment response, arguing that the trial court should be
suspicious of Simpson=s affidavit
because it did not clearly identify his job duties with Appellee, because it
was a series of conclusory statements of which the affiant did not demonstrate
personal knowledge, and because it was identical to Howell=s affidavit.  

Appellee filed APlaintiff=s 1st
Amended Motion for Summary Judgment@ in January 2006.  This motion
was supported by the affidavit of Julie Matta, Appellee=s Aassistant
secretary.@  Again, apart from her name and job title,
Matta=s affidavit is identical to Howell=s and Simpson=s.  But attached to Matta=s affidavit was another copy of the note, this time bearing
endorsements from Texas Bank to Chase, from Chase to the Secretary of Housing
and Urban Development, and from the Secretary to Appellee.  Like Simpson=s affidavit, Matta=s refers to the other documents attached to Howell=s affidavit as opposed to attaching new copies.

Appellants filed a Asecond supplemental response@ to Appellee=s first
amended summary judgment motion, arguing that Matta=s affidavit was defective for the same reasons that Howell=s and Simpson=s were
defective.








In August 2006, Appellee
filed APlaintiff=s Second
(2nd) Motion for Summary Judgment.@  This final motion was
supported by the affidavit of Geoffrey Nixon, Appellee=s AVP of Loan
Documentation.@  Once more, apart from his name and job title,
Nixon=s affidavit is virtually identical to Howell=s, Simpson=s, and Matta=s, though it did not refer to Appellants as ADecedent.@ Nixon=s affidavit attached a copy of the note showing all the endorsements
beginning with Texas Bank and ending with Appellee.  It also attached certified copies under the
Parker County Clerk=s seal of
the warranty deed with vendor=s lien, the deed of trust, and the assignments of the lien. 

Appellants filed another
summary judgment response, arguing that because Howell, Simpson, Matta, and
Nixon all claimed to be Appellee=s records custodian and because the copies of the note attached to the
affidavits did not match one another,

It is
reasonable to conclude that one or more among [them] have not sworn truthfully
to the Court regarding the Note.  Defendants
are unable to know which of the Affiants are untruthful in which respects,
without a skilled forensic examination of the claimed original Note(s), which
the Defendants ask the Court to order to determine the authenticity and
probable date(s) of making of the various indorsement marks on the variously
claimed Note(s). 

 








Appellants argued that the these problems
precluded summary judgment because Appellee had not proven as a matter of law
that it was the holder of the note.

The trial court granted
summary judgment in Appellee=s favor in September 2006, and this appeal followed.

                                       Standard of Review

In a summary judgment case,
the issue on appeal is whether the movant met the summary judgment burden by
establishing that no genuine issue of material fact exists and that the movant
is entitled to judgment as a matter of law. 
Tex. R. Civ. P. 166a(c); Sw.
Elec. Power Co. v. Grant, 73 S.W.3d 211, 215 (Tex. 2002); City of
Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979).  The burden of proof is on the movant, and all
doubts about the existence of a genuine issue of material fact are resolved
against the movant.  Sw. Elec. Power
Co., 73 S.W.3d at 215.








When reviewing a summary
judgment, we take as true all evidence favorable to the nonmovant, and we
indulge every reasonable inference and resolve any doubts in the nonmovant=s favor.  Valence Operating
Co. v. Dorsett, 164 S.W.3d 656, 661 (Tex. 2005).  Evidence that favors the movant=s position will not be considered unless it is uncontroverted.  Great Am. Reserve Ins. Co. v. San Antonio
Plumbing Supply Co., 391 S.W.2d 41, 47 (Tex. 1965).  If the uncontroverted evidence is from an
interested witness, it does nothing more than raise a fact issue unless it is
clear, positive and direct, otherwise credible and free from contradictions and
inconsistencies, and could have been readily controverted.  Tex.
R. Civ. P. 166a(c); Trico Techs. Corp. v. Montiel, 949 S.W.2d
308, 310 (Tex. 1997). 

The summary judgment will be
affirmed only if the record establishes that the movant has conclusively proved
all essential elements of the movant=s cause of action or defense as a matter of law.  Clear Creek Basin, 589 S.W.2d at 678.

                                             Discussion

In their first issue,
Appellants argue that Appellee=s affidavits are not competent summary judgment evidence because they
do not establish each affiants= personal knowledge of the relevant facts, namely, that Appellee is
the holder of the note and the authenticity of the relevant documents.








To establish personal
knowledge, an affiant need only show how the affiant became personally familiar
with the facts.  Dickey v. Club Corp.
of Am., 12 S.W.3d 172, 176 (Tex. App.CDallas 2000, pet. denied).  AThe personal knowledge requirement is satisfied if the affidavit
sufficiently describes the relationship between the affiant and the case so that
it may be reasonably assumed that the affiant has personal knowledge of the
facts stated in the affidavit.@  Stucki v. Noble, 963
S.W.2d 776, 780 (Tex. App.CSan Antonio 1998, pet. denied).

An affiant=s unchallenged statement of employment or connection to the case can
be sufficient to establish personal knowledge. 
See Dickey, 12 S.W.3d at 176 (holding affiant=s unchallenged statement that he was movant=s general manager sufficient to show personal knowledge of facts
related to employer=s business);
Jackson T. Fulgham Co., Inc. v. Stewart Title Guar. Co., 649 S.W.2d 128,
130 (Tex. App.CDallas 1983,
writ ref=d n.r.e.) (holding affiant=s unchallenged statement that he was vice president of title company
sufficient to show personal knowledge of facts regarding promissory note);
Robinson v. Bank One Nat. Ass=n, No. 04‑03‑00343‑CV,
2004 WL 28367, at *2 (Tex. App.CSan Antonio Jan. 7, 2004, pet. denied) (holding affiants= statements that they were movant=s Aforeclosure
specialist@ and movant=s counsel=s Aforeclosure manager@ sufficient to establish personal knowledge with regard to note and
deed of trust).








Howell, Simpson, Matta, and
Nixon averred that they were, respectively, Appellee=s counsel=s Aforeclosure supervisor,@ Avice
president of loan documentation,@ Aassistant
secretary,@ and AVP of Loan Documentation.@  Appellants did not challenge
these statements.  We hold that they were
sufficient to establish the affiants= personal knowledge as records custodians of the note and related
documents.  We overrule Appellants= first issue.

In their second issue,
Appellants argue that the summary judgment evidence does not prove that
Appellee owns the note because Appellee did not present the original note to
the trial court and the copies attached to the summary judgment affidavits
differed in minor aspects, e.g., the copies attached to Howell=s and Simpson=s affidavits
did not reflect all of the endorsements but the copies attached to Matta=s and Nixon=s affidavits
did.








Appellants= argument fails for three reasons. 
First, all four affiants averred that Appellee was the holder of the
note.  Second, a photocopy of a note
attached to an affidavit swearing that it is a true and correct copy is
competent summary judgment proof.  Zarges
v. Bevan, 652 S.W.2d 368, 369 (Tex. 1983) (per curiam).  Third, the minor differences between the
copies of the note attached to the affidavits does not create a genuine issue
of material fact as to who held the note. 
The notes attached to Howell=s and Simpson=s affidavits
are clearly earlier copies of the same note attached to Matta=s and Nixon=s
affidavits; the only difference is the absence on the Howell and Simpson copies
of the later endorsements from Chase to the Secretary of Housing and Urban
Development and from the Secretary to Appellee. 
We therefore overrule Appellants= second issue.

In their third issue,
Appellants argue that Aglaring
inconsistencies@ between the
four affidavitsCnamely, the
fact that all four affiants claimed to be Appellee=s records custodians and the differences between the copies of the
notes attached to the affidavitsCrendered them incompetent as summary judgment evidence.  Appellants also argue that the
almost-verbatim similarity of the affidavits to one another renders them
unreliable and incompetent.  In other
words, Appellants argue that the affidavits are unreliable because they are
both inconsistent and too consistent.








We have already considered
the differences between the copies of the notes attached to the affidavits and
rejected those differences as raising a genuine issue of material fact.  That all four affiants identify themselves as
Appellee=s records custodians likewise does not render the affidavits
collectively incompetent; Appellants point to no authority for the proposition
that there can be only one custodian of records for an entity, and we
previously noted that a holder=s employee and the employee of the holder=s counsel may both, as the holder=s records custodians, authenticate a note and deed of trust.  See 
Robinson, 2004 WL 28367, at *2. 
Finally, the boilerplate similarity of the affidavits does not make themCneither singularly nor collectivelyCless competent than if each related the same facts in unique
language.  If anything, the consistency
of the affidavits tends to lend greater credibility to the facts therein
recited.  We overrule Appellants= third issue.

                                             Conclusion

Having overruled Appellants= three issues, we affirm the trial court=s judgment.

 

 

ANNE GARDNER

JUSTICE

 

PANEL A:   CAYCE, C.J.; DAUPHINOT and GARDNER, JJ.

 

DELIVERED:  April 3, 2008    











[1]See Tex. R. App. P. 47.4.