

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-06-445-CV

H. LANCE STINNETT AND                                    APPELLANTS
METZ B. CASTLEBERRY

V.

SFJV-2003-1, LLC                                         APPELLEE

------------

FROM THE 415TH DISTRICT COURT OF PARKER COUNTY

------------

## MEMORANDUM OPINION[1]

------------

This is a suit on a promissory note. Appellants H. Lance Stinnett and Metz B. Castleberry appeal from a summary judgment in favor of Appellee SFJV- 2003-1, LLC. In three issues, Appellants argue that the trial court erred by granting summary judgment because (1) the summary judgment evidence consisted substantially of affidavits which were not competent summary

---

[1] *See* TEX. R. APP. P. 47.4.

judgment evidence; (2) Appellee's summary judgment evidence did not properly establish ownership of the note; and (3) Appellee's summary judgment evidence was internally inconsistent and inherently unreliable. We affirm.

## Background

In 1999, Appellants purchased real property in Parker County under a warranty deed with a vendor's lien. Appellants executed a note and deed of trust in favor of Texas Bank to fund the purchase. In 2004, Appellee sued Appellants, alleging that Appellee had become holder of the note and deed of trust through a series of assignments and that the note was due and unpaid. Appellee sought rescission of the vendor's lien and nonjudicial foreclosure. Appellants filed a general denial.

Appellee filed a first motion for summary judgment in March 2005. The motion was supported by the affidavit of Becky Howell, the "foreclosure supervisor" employed by Appellee's trial counsel. Howell averred that she had personal knowledge of the facts recited in her affidavit because she was "responsible for all default servicing activities involved in relation to [Appellants'] loan on behalf of [Appellee]." She further averred that she was "custodian of [Appellee's] records with respect to default servicing of [Appellants'] loan." In two paragraphs, her affidavit inexplicably refers to

2

Appellants as "Decedent." She averred that Appellee was the lawful holder of the note and the beneficiary of the deed of trust. Her affidavit goes on to purportedly authenticate several documents as Appellee's business records, including the note; the warranty deed with vendor's lien; the deed of trust; and assignments of the lien from Texas Bank to Chase Manhattan Mortgage Corporation, from Chase to the Secretary of Housing and Urban Development, and from the Secretary to Appellee. Copies of those documents are attached to Howell's affidavit, and the copies of all of the documents except the note appear to be certified copies under the seal of the Parker County Clerk.

Appellants filed a summary judgment response, arguing that Howell's affidavit shows that she was, at most, the records custodian for Appellee's counsel, rather than Appellee itself. Appellants further observed that the copy of the note attached to Howell's affidavit bore endorsements (1) to Chase and (2) from Chase to an unnamed person but no endorsement to Appellee.

In July 2005, Appellee filed "Movant's 1st Amended Affidavit." This affidavit was executed by Roger L. Simpson, Appellee's "vice president of loan documentation." Apart from his name and job title, Simpson's affidavit is virtually identical to Howell's, even twice referring to Appellants as "Decedent." Attached to Simpson's affidavit is another copy of the note, identical to the

3

copy attached to Howell's affidavit. Rather than attach copies of the other relevant documents, his affidavit refers to the copies attached to Howell's.

Appellants filed a supplemental summary judgment response, arguing that the trial court should be suspicious of Simpson's affidavit because it did not clearly identify his job duties with Appellee, because it was a series of conclusory statements of which the affiant did not demonstrate personal knowledge, and because it was identical to Howell's affidavit.

Appellee filed "Plaintiff's 1st Amended Motion for Summary Judgment" in January 2006. This motion was supported by the affidavit of Julie Matta, Appellee's "assistant secretary." Again, apart from her name and job title, Matta's affidavit is identical to Howell's and Simpson's. But attached to Matta's affidavit was another copy of the note, this time bearing endorsements from Texas Bank to Chase, from Chase to the Secretary of Housing and Urban Development, and from the Secretary to Appellee. Like Simpson's affidavit, Matta's refers to the other documents attached to Howell's affidavit as opposed to attaching new copies.

Appellants filed a "second supplemental response" to Appellee's first amended summary judgment motion, arguing that Matta's affidavit was defective for the same reasons that Howell's and Simpson's were defective.

4

In August 2006, Appellee filed "Plaintiff's Second (2nd) Motion for Summary Judgment."  This final motion was supported by the affidavit of Geoffrey Nixon, Appellee's "VP of Loan Documentation."  Once more, apart from his name and job title, Nixon's affidavit is virtually identical to Howell's, Simpson's, and Matta's, though it did not refer to Appellants as "Decedent." Nixon's affidavit attached a copy of the note showing all the endorsements beginning with Texas Bank and ending with Appellee.  It also attached certified copies under the Parker County Clerk's seal of the warranty deed with vendor's lien, the deed of trust, and the assignments of the lien.

Appellants filed another summary judgment response, arguing that because Howell, Simpson, Matta, and Nixon all claimed to be Appellee's records custodian and because the copies of the note attached to the affidavits did not match one another,

> It is reasonable to conclude that one or more among [them] have not sworn truthfully to the Court regarding the Note.  Defendants are unable to know which of the Affiants are untruthful in which respects, without a skilled forensic examination of the claimed original Note(s), which the Defendants ask the Court to order to determine the authenticity and probable date(s) of making of the various indorsement marks on the variously claimed Note(s).

5

Appellants argued that the these problems precluded summary judgment because Appellee had not proven as a matter of law that it was the holder of the note.

The trial court granted summary judgment in Appellee's favor in September 2006, and this appeal followed.

### Standard of Review

In a summary judgment case, the issue on appeal is whether the movant met the summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Sw. Elec. Power Co. v. Grant,* 73 S.W.3d 211, 215 (Tex. 2002); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979). The burden of proof is on the movant, and all doubts about the existence of a genuine issue of material fact are resolved against the movant. *Sw. Elec. Power Co.,* 73 S.W.3d at 215.

When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). Evidence that favors the movant's position will not be considered unless it is uncontroverted. *Great Am. Reserve*

6

*Ins. Co. v. San Antonio Plumbing Supply Co.*, 391 S.W.2d 41, 47 (Tex. 1965). If the uncontroverted evidence is from an interested witness, it does nothing more than raise a fact issue unless it is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted. TEX. R. CIV. P. 166a(c); *Trico Techs. Corp. v. Montiel,* 949 S.W.2d 308, 310 (Tex. 1997).

The summary judgment will be affirmed only if the record establishes that the movant has conclusively proved all essential elements of the movant's cause of action or defense as a matter of law. *Clear Creek Basin*, 589 S.W.2d at 678.

**Discussion**

In their first issue, Appellants argue that Appellee's affidavits are not competent summary judgment evidence because they do not establish each affiants' personal knowledge of the relevant facts, namely, that Appellee is the holder of the note and the authenticity of the relevant documents.

To establish personal knowledge, an affiant need only show how the affiant became personally familiar with the facts. *Dickey v. Club Corp. of Am.,* 12 S.W.3d 172, 176 (Tex. App.—Dallas 2000, pet. denied). "The personal knowledge requirement is satisfied if the affidavit sufficiently describes the

7

relationship between the affiant and the case so that it may be reasonably assumed that the affiant has personal knowledge of the facts stated in the affidavit." *Stucki v. Noble*, 963 S.W.2d 776, 780 (Tex. App.—San Antonio 1998, pet. denied).

An affiant's unchallenged statement of employment or connection to the case can be sufficient to establish personal knowledge. *See Dickey*, 12 S.W.3d at 176 (holding affiant's unchallenged statement that he was movant's general manager sufficient to show personal knowledge of facts related to employer's business); *Jackson T. Fulgham Co., Inc. v. Stewart Title Guar. Co.*, 649 S.W.2d 128, 130 (Tex. App.—Dallas 1983, writ ref'd n.r.e.) (holding affiant's unchallenged statement that he was vice president of title company sufficient to show personal knowledge of facts regarding promissory note); *Robinson v. Bank One Nat. Ass'n*, No. 04-03-00343-CV, 2004 WL 28367, at *2 (Tex. App.—San Antonio Jan. 7, 2004, pet. denied) (holding affiants' statements that they were movant's "foreclosure specialist" and movant's counsel's "foreclosure manager" sufficient to establish personal knowledge with regard to note and deed of trust).

Howell, Simpson, Matta, and Nixon averred that they were, respectively, Appellee's counsel's "foreclosure supervisor," "vice president of loan

documentation," "assistant secretary," and "VP of Loan Documentation." Appellants did not challenge these statements. We hold that they were sufficient to establish the affiants' personal knowledge as records custodians of the note and related documents. We overrule Appellants' first issue.

In their second issue, Appellants argue that the summary judgment evidence does not prove that Appellee owns the note because Appellee did not present the original note to the trial court and the copies attached to the summary judgment affidavits differed in minor aspects, e.g., the copies attached to Howell's and Simpson's affidavits did not reflect all of the endorsements but the copies attached to Matta's and Nixon's affidavits did.

Appellants' argument fails for three reasons. First, all four affiants averred that Appellee was the holder of the note. Second, a photocopy of a note attached to an affidavit swearing that it is a true and correct copy is competent summary judgment proof. *Zarges v. Bevan*, 652 S.W.2d 368, 369 (Tex. 1983) (per curiam). Third, the minor differences between the copies of the note attached to the affidavits does not create a genuine issue of material fact as to who held the note. The notes attached to Howell's and Simpson's affidavits are clearly earlier copies of the same note attached to Matta's and Nixon's affidavits; the only difference is the absence on the Howell and

9

Simpson copies of the later endorsements from Chase to the Secretary of Housing and Urban Development and from the Secretary to Appellee. We therefore overrule Appellants' second issue.

In their third issue, Appellants argue that "glaring inconsistencies" between the four affidavits—namely, the fact that all four affiants claimed to be Appellee's records custodians and the differences between the copies of the notes attached to the affidavits—rendered them incompetent as summary judgment evidence. Appellants also argue that the almost-verbatim similarity of the affidavits to one another renders them unreliable and incompetent. In other words, Appellants argue that the affidavits are unreliable because they are both *inconsistent* and *too consistent*.

We have already considered the differences between the copies of the notes attached to the affidavits and rejected those differences as raising a genuine issue of material fact. That all four affiants identify themselves as Appellee's records custodians likewise does not render the affidavits collectively incompetent; Appellants point to no authority for the proposition that there can be only one custodian of records for an entity, and we previously noted that a holder's employee and the employee of the holder's counsel may both, as the holder's records custodians, authenticate a note and deed of trust. *See*

10

*Robinson*, 2004 WL 28367, at *2. Finally, the boilerplate similarity of the affidavits does not make them—neither singularly nor collectively—less competent than if each related the same facts in unique language. If anything, the consistency of the affidavits tends to lend greater credibility to the facts therein recited. We overrule Appellants' third issue.

### Conclusion

Having overruled Appellants' three issues, we affirm the trial court's judgment.


ANNE GARDNER
JUSTICE

PANEL A:   CAYCE, C.J.; DAUPHINOT and GARDNER, JJ.

DELIVERED:  April 3, 2008

11